658 A.2d 386

**COMMONWEALTH of Pennsylvania**

**v.**

**Reese Lanier HODGE, Appellant.**

' Superior Court of Pennsylvania.

Submitted April 3, 1995.

Filed May 8, 1995.

654

---

Phyllis A. Jin, Uniontown, for appellant.

Mark D. Brooks, Asst. Dist. Atty., Connellsville, for Com., appellee.

Before WIEAND, OLSZEWSKI and HESTER, JJ.

WIEAND, Judge.

Reese Lanier Hodge was tried by jury and, on December 6, 1994, was found guilty of possession of a controlled substance, possession of a controlled substance with intent to deliver and delivery of a controlled substance. He was sentenced on December 13, 1994, to serve a term of imprisonment for not less than fifteen (15) months nor more than five (5) years, to pay the costs of prosecution, to forfeit the sum of $400.00 to Fayette County and to make restitution in the amount of $100.00 to the Region Five Drug Strike Force. On direct appeal from the judgment of sentence, Hodge asserts that the evidence was insufficient to sustain his convictions, or, alternatively, that the jury's verdicts of guilty were contrary to the weight of the evidence.

On July 16, 1993, at or about 3:30 p.m., Conrad Williams of the Pennsylvania State Police was working undercover with the Region Five Drug Strike Force in the City of

Uniontown. He was parked in an unmarked police vehicle across the street from Uniontown High School. Appellant approached the vehicle from the rear, greeted Williams and asked him if he needed anything. Williams, believing that appellant was offering to sell him drugs, told appellant that he would take a hundred dollars worth. Appellant said that he would return in five or ten minutes and then walked away. About six minutes later, appellant returned and gave Williams a plastic baggie containing several small rocks of crack cocaine. After Williams had given him a one hundred dollar bill, appellant walked away. Williams then returned to the state police barracks and field tested the substance which had been purchased from appellant. The test was positive for cocaine. This was confirmed by subsequent chemical testing at the police lab. On July 23, 1993, Williams filed charges against appellant, and, on August 4, 1993, appellant was taken into police custody.

During the drug transaction, appellant used the name Andre Gray. Trooper Williams, however, had seen appellant before and had spoken to him at least ten times prior to the transaction and three times thereafter. Although the initial police report identified the suspect as Andre Gray, Trooper Williams learned appellant's true name to be Reese Lanier Hodge prior to filing charges against him on July 23, 1993. Williams also made a positive identification of appellant at trial, testifying that appellant's "eyes are very distinguishing, bulging or froggy type and there is no doubt in my mind who he is when I see him today or one hundred years from now."

In his defense, appellant called as a witness the deputy clerk of courts, who testified that there was a criminal file in Fayette County on an individual named Andre Gray which contained several outstanding drug charges, as well as an active bench warrant for the arrest of Andre Gray. Appellant testified in his own behalf, stating that he had been arrested by Trooper Williams on July 23, 1993, while he was on his way home from his mother's house. According to appellant, Williams slammed him against a car and said "we have you Andre Gray." Appellant denied that he had ever told Trooper

Williams that his name was Andre Gray. He further testified that the warrant for his arrest contained the name Andre Gray which had been crossed out and replaced with his name. Appellant also said that he is familiar with Andre Gray, who, according to appellant, was about the same height and weight as he is. The bench warrant, however, described Gray as a "[b]lack male, approximately age twenty-five to thirty-five, height five foot four inches and weight is one hundred twenty pounds," while appellant described himself as being five feet eleven inches tall and weighing two hundred and twenty pounds. Finally, appellant presented character testimony as to his reputation for being a law abiding person.

On appeal, appellant contends that the testimony of Trooper Williams was insufficient to establish his identity as the person who sold crack cocaine on July 16, 1993. This is so, appellant asserts, because Williams' testimony was contradicted by evidence which identified the true perpetrator as Andre Gray. According to appellant, the fact that the initial police report, the evidence envelope containing the crack cocaine and the police laboratory report all identified the suspect as Andre Gray, together with evidence of the actual existence of a person named Andre Gray who had been charged with other drug offenses, rendered the Commonwealth's evidence insufficient to sustain his convictions. While the Commonwealth presented an impressive case against Andre Gray, appellant argues, it failed to establish that he, Reese Hodge, had committed any offense.

With respect to challenges to the sufficiency of the evidence to sustain a criminal conviction, our standard of review is as follows:

> In reviewing a challenge to the sufficiency of the evidence, we must determine "whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense[ ] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jackson*, 506 Pa. 469, 472–

473, 485 A.2d 1102, 1103 (1984). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990). "Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the evidence." *Commonwealth v. Tate*, 485 Pa. 180, 182, 401 A.2d 353, 354 (1979). The facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.'" *Commonwealth v. Sullivan*, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977), quoting *Commonwealth v. Libonati*, 346 Pa. 504, 508, 31 A.2d 95, 97 (1943).

*Commonwealth v. Sanders*, 426 Pa.Super. 362, 367, 627 A.2d 183, 185 (1993).

When the evidence in the instant case is viewed in a light most favorable to the Commonwealth, it is clearly sufficient to establish appellant's guilt beyond a reasonable doubt. Appellant was positively identified by Trooper Williams as the person who sold crack cocaine to Williams on July 16, 1993. The fact that initial police reports listed the suspect as Andre Gray was due to appellant's use of an alias, and not because of any misidentification by Williams. Indeed, the Andre Gray whom appellant contends to have been the actual perpetrator was described in the outstanding bench warrant as being seven inches shorter and one hundred pounds lighter than appellant. In any event, it was for the jury to resolve conflicts or inconsistencies in the testimony of the witnesses. The positive identification of appellant made by Trooper Williams was, if believed by the jury, sufficient to prove that it was appellant who had sold the crack cocaine on July 16, 1993.

Upon review of the entire record, we are satisfied that the jury's verdicts were supported by sufficient evidence.

Appellant has also raised the alternative argument that the jury's verdicts were contrary to the weight of the evidence. Our review of challenges pertaining to the weight of the evidence is governed by the following principles:

"A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v. Taylor, supra,* 324 Pa.Super. [420] at 425, 471 A.2d [1228] at 1230 [ (1984) ]. The decision whether to grant a new trial on this basis rests within the discretion of the trial court. *Commonwealth v. Hunter,* 381 Pa.Super. 606, 617, 554 A.2d 550, 555 (1989). "A trial court should award a new trial on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and [make] the award of a new trial [ ] imperative so that right may be given another opportunity to prevail." *Commonwealth v. Whitney,* 511 Pa. 232, 239, 512 A.2d 1152, 1155–1156 (1986). "The role of an appellate court in reviewing the weight of the evidence is very limited." *Commonwealth v. Sanders,* 426 Pa.Super. 362, 367, 627 A.2d 183, 185 (1993). "The purpose of that review is to determine whether the trial court abused its discretion and not to substitute [the reviewing] Court's judgment for that of the trial court." *Commonwealth v. Murray,* 408 Pa.Super. 435, 440, 597 A.2d 111, 114 (1991) (en banc). Accordingly, "[w]here the evidence is conflicting, the credibility of the witnesses is solely for the jury, and if its finding is supported by the record, the trial court's denial of a motion for new trial will not be disturbed." *Commonwealth v. Larew,* 289 Pa.Super. 34, 37, 432 A.2d 1037, 1038 (1981).

*Commonwealth v. Manchas,* 430 Pa.Super. 63, 71–72, 633 A.2d 618, 622–623 (1993).

■ Appellant has raised the issue of the weight of the evidence for the first time on appeal. He elected under

Pa.R.Crim.P. 1410 not to file optional post-sentence motions, but, instead, filed an immediate notice of appeal after sentence had been imposed. Therefore, the trial court was never given an opportunity to exercise its discretion in determining whether appellant should be awarded a new trial on grounds that the verdict was contrary to the weight of the evidence. Appellant suggests, however, that, because he exercised his right to file an immediate appeal, this Court should now take the place of the trial court and review in the first instance whether the jury's verdicts were contrary to the weight of the evidence. Absent such a review, he contends, a defendant who elects under Rule 1410 to take an immediate appeal will effectively be precluded from challenging the weight of the evidence.

In *Commonwealth v. Brown,* 538 Pa. 410, 434–438, 648 A.2d 1177, 1189–1191 (1994), the Pennsylvania Supreme Court made clear that challenges to the weight of the evidence must first be presented to the trial court. An appellate court may only review the trial court's exercise of discretion in granting or denying a new trial on grounds that the verdict was contrary to the weight of the evidence; it may not address "the underlying question whether the verdict is against the weight of the evidence." *Id.* at 435, 648 A.2d at 1189. In so holding, the Supreme Court observed that:

'An allegation that the verdict is against the "weight" of the evidence is a matter to be resolved by the trial court:

While there may be some legitimacy for a trial court, who [sic] has also observed the witnesses as they testified, to consider the weight of the evidence and to that extent review the jury's determination of credibility, there is surely no justification for an appellate court, relying upon a cold record, to exercise such a function.

*Commonwealth v. Farquharson,* 467 Pa. 50, 59–60, 354 A.2d 545, 550 (1976).'

*Id.* at 437, 648 A.2d at 1190, quoting *Commonwealth v. Karkaria,* 533 Pa. 412, 418–419 n. 3, 625 A.2d 1167, 1170 n. 3 (1993). The *Brown* court further declared that:

'Unlike the challenge of legal sufficiency of the evidence, the complaint that the verdict was against the weight of the evidence requires an assessment of the credibility of the testimony offered by the Commonwealth. It is a rule of this Commonwealth that an appellate tribunal should not entertain a challenge to the weight of the evidence since their examination is confined to the "cold record." '

*Commonwealth v. Brown, supra* at 438, 648 A.2d at 1191, quoting *Commonwealth v. Nelson,* 514 Pa. 262, 271 n. 3, 523 A.2d 728, 733 n. 3 (1987), *cert. denied,* 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987) (citations omitted).

It seems clear, therefore, that this Court cannot entertain, in the first instance, a request for a new trial on grounds that the verdict was contrary to the weight of the evidence. This is not an issue of waiver. Even though, as a general rule, a defendant need not file a post-sentence motion in order to preserve issues for appellate review, a weight of the evidence argument may be addressed only by a trial court. Therefore, a defendant, who wishes to seek a new trial on grounds that the verdict was contrary to the weight of the evidence, must necessarily raise this issue via post-sentence motion in the trial court.[1] If the trial court denies the motion, the defendant may then file an appeal in which the trial court's exercise of discretion will be subject to review. Because appellant did not challenge the weight of the evidence in the trial court in this case, we will not address the issue on appeal.

Moreover, even if we were able to review the weight of the evidence, we could find no basis for disturbing the verdicts of the jury in this case. Appellant's convictions were supported by the eyewitness identification of an experienced undercover police officer to whom appellant had sold crack cocaine. There is nothing in the verdicts based on such evidence which can be deemed so shocking to one's sense of justice as to require the award of a new trial.

1. Rule 1410B(1)(c) provides that "[i]ssues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues." Pa.R.Crim.P. 1410B(1)(c). A challenge to the weight of the evidence, however, cannot be raised until after a verdict has been returned.

Having found no basis for disturbing the verdicts of guilty returned by the jury, the judgment of sentence imposed thereon is, as it must be,

Affirmed.