663 A.2d 771

**COMMONWEALTH of Pennsylvania**

v.

**Damon Darnell HOLMES, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 1995.

Filed Aug. 18, 1995.

258

Joseph P. Burt, Erie, for appellant.

Anthony R. Himes, Assistant District Attorney, Erie, for Com., appellee.

Before CIRILLO, SAYLOR and HESTER, JJ.

HESTER, Judge.

Appellant was convicted of recklessly endangering another person and aggravated assault on November 9, 1994, following a jury trial. No post-verdict motions were filed. Appellant was sentenced on December 13, 1994, to a term of five to ten years imprisonment. This appeal followed. We affirm.

The trial court summarized the trial testimony in its opinion pursuant to Pa.R.A.P. 1925 as follows:

In the early evening hours of March 20, 1993, an individual by the name of Jeffrey Stovall, accompanied by one Susan Cooley, decided to go out for what they thought would be an innocent evening. For Mr. Stovall, however, the night would end in tragedy. Mr. Stovall and Ms. Cooley travelled to an establishment known as the Brown Derby where they apparently remained for a couple of hours. During this time, the two ate pizza and consumed a number of pitchers of beer. Upon leaving the Brown Derby, Mr. Stovall and Ms. Cooley stopped at a place called Hut's where they stayed for only a short time, before finally arriving at a bar

named Angie's Last Stop. It was here that Mr. Stovall had the misfortune of playing pool with the Defendant. The game of choice was eight ball, and Mr. Stovall and the Defendant were playing for money with the stakes being one dollar a ball and two dollars a game. While the two played pool, Ms. Cooley sat at the bar and talked to her friend Michael Purdue; she did not see any of the activities around the pool table.

Ultimately, it was the wagering, amidst allegations of cheating, which sparked the initial dispute. At the conclusion of the game, the Defendant claimed that Mr. Stovall owed him approximately twenty dollars. Conversely, Mr. Stovall believed that the Defendant had cheated by removing the cue ball from the pocket in an attempt to conceal the fact that he had scratched on the eight ball. The two exchanged some words, and Mr. Stovall offered to buy the Defendant a beer and call it even. The Defendant, who had become extremely agitated and angry, refused this offer. Not wanting to engage in any more discussion, Mr. Stovall took Ms. Cooley to the dance floor area where the Defendant again approached and demanded money. Hoping to avoid further confrontation, Mr. Stovall decided to leave.

As Mr. Stovall, Susan Cooley, and her friend Michael Purdue left the bar, they were greeted outside by the Defendant who had a pool cue in hand. After exchanging some more words, Mr. Stovall began walking away from the Defendant. As he did so, he heard gunshots behind him. When Mr. Stovall turned around, a bullet pierced his lower left leg causing a grade one compound fracture of his tibia. The uppermost portion of Mr. Stovall's tibia was shattered into multiple fragments and he suffered extensive muscle loss. At trial, Mr. Stovall testified that the Defendant then walked up to him immediately after the shooting, stood over him, and momentarily pointed the gun at his head before finally departing.

Trial court opinion pursuant to Pa.R.A.P. 1925(a), 4/7/95, at 2–4.

Appellant raises the following issues for our review:

1. There was a lack of sufficient evidence for the aggravated assault verdict with respect to identity.

2. The verdict was against the weight of the evidence for the aggravated assault verdict with respect to identity.

 Our standard for reviewing a challenge to the sufficiency of the evidence is well-established.

> In reviewing a sufficiency of the evidence claim, we view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. A mere conflict in the testimony does not render the evidence insufficient, because it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence.

*Commonwealth v. Moore*, 436 Pa.Super. 495, 501, 648 A.2d 331, 333 (1994) (citations omitted).

 Appellant makes no specific claim in addressing the sufficiency of the evidence other than suggesting that Susan Cooley and the victim were incredible witnesses. We have noted repeatedly that the mere assertion of error, without elaboration, will not be addressed. *Commonwealth v. Adamo*, 431 Pa.Super. 529, 637 A.2d 302 (1994); *see also Commonwealth v. Shaw*, 494 Pa. 364, 370 n. 3, 431 A.2d 897, 900 n. 3 (1981) (failure to elaborate on mere assertion in brief that admission of confession violated fifth amendment results in waiver); *Commonwealth v. Badman*, 398 Pa.Super. 315, 322–23 n. 2 and n. 3, 580 A.2d 1367, 1370 n. 2 and n. 3 (1990) (issue waived if argument is mere assertion); *Commonwealth v. Long*, 367 Pa.Super. 190, 532 A.2d 853 (1987) (we will not review issues that are not properly developed by citation to the record and reference to supporting case law); *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149 (1982) (same); *Commonwealth v. Chew*, 338 Pa.Super. 472, 487 A.2d 1379 (1985); *Commonwealth v. Ignatavich*, 333 Pa.Super. 617, 482 A.2d 1044 (1984).

 Moreover, even if appellant properly had developed his argument regarding the sufficiency of the evidence, we would conclude that it has no merit. The record refutes his factual

position. Appellant asserts that Cooley was intoxicated, that she saw appellant for a brief period, and that on the night of the crime, she stated that she could not identify the assailant. He also claims that Mr. Stovall was intoxicated, he saw his assailant only a short time, and he lied to the jury about playing pool for a dollar a ball as evidenced by Ms. Cooley's prior testimony that Mr. Stovall did not have any money that night.

Our review of the testimony reveals that Ms. Cooley testified that she had been drinking beer on the evening of the crime, but she was not intoxicated. Notes of testimony ("N.T."), 11/7/94, at 30. She identified appellant at trial as the man who shot Mr. Stovall. *Id.* at 32, 37. She testified that she observed appellant "face to face" for ten seconds and was certain in her identification. N.T., 11/8/94, at 53, 64–65. Similarly, the victim identified appellant at trial as the man who shot him. *Id.* at 91, 98. He stated that he had not told Susan Cooley anything about whether he had money on the night of the shooting. *Id.* at 81–82.

■ Thus, appellant's claim essentially is that Ms. Cooley and Mr. Stovall gave incredible testimony. It is clear that the jury chose to believe these witnesses. "The jury was free to believe either witness' account of the story. On appeal we may not disturb its determination as to credibility." *Commonwealth v. Owens,* 437 Pa.Super. 64, 73, 649 A.2d 129, 133 (1994).

Appellant's second argument is that the verdict is against the weight of the evidence. Appellant raises the claim regarding the weight of the evidence for the first time on appeal. He chose under Pa.R.Crim.P. 1410 not to file optional post-sentence motions but instead, filed a notice of appeal after sentencing. Therefore, the trial court was not given an opportunity to exercise its discretion in determining whether appellant should be awarded a new trial on grounds that the verdict was contrary to the weight of the evidence.

We addressed this situation recently in *Commonwealth v. Hodge,* 441 Pa.Super. 653, 658 A.2d 386 (1995). We stated in *Hodge,*

> It seems clear, therefore, that this Court cannot entertain, in the first instance, a request for a new trial on grounds that the verdict was contrary to the weight of the evidence. This is not an issue of waiver. Even though, as a general rule, a defendant need not file a post-sentence motion in order to preserve issues for appellate review, a weight of the evidence argument may be addressed only by the trial court. Therefore, a defendant, who wishes to seek a new trial on grounds that the verdict was contrary to the weight of the evidence, must necessarily raise this issue via post-sentencing motion in the trial court. If the trial court denies the motion, the defendant may then file an appeal in which the trial court's exercise of discretion will be subject to review. Because appellant did not challenge the weight of the evidence in the trial court in this case, we will not address the issue on appeal.

*Id.,* 441 Pa.Super. at 660, 658 A.2d at 389 (emphasis added, footnote omitted). The fact that the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) in the instant case does not distinguish it from *Hodge* in that notwithstanding appellant's statement pursuant to Pa.R.A.P. 1925, the trial court had no basis upon which to grant a new trial without a motion for a new trial before it. Thus, it could not exercise its discretion in granting or denying same.

▆▆▆ Moreover, even if we were able to review the weight of the evidence, we find no basis for disturbing the verdict of the jury in this case. Our review of challenges to the weight of the evidence is governed by the following principles:

> A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. The decision whether to grant a new trial on this basis rests within the discretion of the trial court. A trial

court should award a new trial on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative so that right may be given another opportunity to prevail. The role of an appellate court in reviewing the weight of the evidence is very limited. The purpose of that review is to determine whether the trial court abused its discretion and not to substitute the reviewing Court's judgment for that of the trial court. Accordingly, where the evidence is conflicting, the credibility of the witnesses is solely for the jury, and if its finding is supported by the record, the trial court's denial of a motion for new trial will not be disturbed.

*Commonwealth v. Horton,* 434 Pa.Super. 478, 482, 644 A.2d 181, 183 (1994) (citations omitted), quoting *Commonwealth v. Manchas,* 430 Pa.Super. 63, 71, 633 A.2d 618, 622–23 (1993).

Appellant advances no specific argument regarding the weight of the evidence, and we conclude that there is nothing in the verdict based upon the evidence offered at trial which can be deemed so shocking to one's sense of justice as to require the award of a new trial.

Judgment of sentence affirmed.