**COMMONWEALTH of Pennsylvania**

v.

**Darryl Baldy GOODWINE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 1997.
Filed April 8, 1997.

Kevin G. Sasinoski, Assistant Public Defender, Pittsburgh, for Appellant.

Michael Streily, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before KELLY, HUDOCK and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

On April 10, 1996, a jury found appellant Darryl Baldy Goodwine guilty of driving under the influence of alcohol while the trial court found him also guilty of two related summary offenses. The facts underlying Goodwine's convictions were aptly summarized by the trial court as follows:

Housing Authority Police Officer Derek Williams, whose testimony was corroborat-

ed by his partner, Jake Jocins, testified that at approximately 3:50 a.m. on August 18, 1995, he observed a green sport utility vehicle go through a stop sign without stopping or even slowing down. After making a U-turn, the police pursued the vehicle, which pulled over to the side of the road. Both the driver, whom the officer identified as [Goodwine], and the passenger exited the vehicle. The police ordered them to return to the vehicle and [Goodwine] got back into the driver's side of the vehicle. After obtaining certain information, Officer Williams requested that [Goodwine] perform three field sobriety tests, which he failed. When Officer Williams attempted to handcuff [Goodwine], he fled. The police chased him to a house, where they finally arrested him.

According to a stipulation between the parties, [Goodwine] took an Intoxilyzer test, which resulted in a reading of .13 blood alcohol level.

[Goodwine] testified that he was not the driver of the vehicle and that he and the passenger had switched places because the passenger, Bernie Freeman, had a warrant out for his arrest and did not want to be arrested.

Opinion 8/1/96, at 2–3.

Following Goodwine's convictions, he was sentenced to 48 hours of imprisonment, two years of probation and a $300.00 fine. This appeal follows wherein Goodwine presents the following issues for our review:

1. Whether his convictions were against the weight of the evidence because evidence at trial established that Goodwine was not the driver of the stopped vehicle.

2. Whether the trial court erred in its final instructions to the jury.

3. Whether trial counsel was ineffective in failing to object to Officer Jocins' testimony concerning opinion as to whether there was time for the driver and passenger to switch places.

Goodwine's first claim on appeal, that his convictions were against the weight of the evidence, is of great import. It is well-settled that a weight of the evidence argument must be addressed in the first instance by the trial court. *Commonwealth v. Hodge,* 441 Pa.Super. 653, 660, 658 A.2d 386, 389 (1995). Thus, normally, "a defendant, who wishes to seek a new trial on grounds that the verdict was contrary to the weight of the evidence, must ... raise this issue via post-sentence motion in the trial court." *Id.* Instantly, Goodwine elected to forgo filing post-sentence motions and, instead, filed an appeal directly to this Court pursuant to Pa. R.Crim.P. 1410. Accordingly, at first blush, it would appear that Goodwine's weight of the evidence claim is doomed to failure.

We must, however, also consider the fact that Goodwine included his weight of the evidence issue in his Statement of Matters Complained of Upon Appeal and, accordingly, the trial court actually did address the issue in its opinion written pursuant to Pa. R.A.P.1925. Until recently, this fact would have no effect on our decision not to review the weight of the evidence claim. As this Court stated in *Commonwealth v. Widmer,* 446 Pa.Super. 408, 420–21, 667 A.2d 215, 221 (1995), "[t]he trial court's preparation of an opinion pursuant to Pa.R.A.P.1925(a) did not present the court with jurisdiction to exercise discretion and rule upon [a] claim with respect to the weight of the evidence." Nevertheless, our Supreme Court recently reversed this Court's decision in *Widmer. Commonwealth v. Widmer,* 689 A.2d 211 (Pa. 1997).

Specifically, our Supreme Court stated:

The issue under consideration—the weight of the evidence—is an exceptional issue which is unlikely to be preserved for appeal without the filing of a post-sentence motion. Thus, the option of forgoing a post-sentence motion and proceeding directly to the Superior Court, as permitted by [Pennsylvania Rule of Criminal Procedure] 1410, may not preserve the issue for appeal. Nevertheless, this case differs from *Hodge* in that the trial court had reviewed the weight of the evidence claim prior to the Superior Court's review, and clearly held that the verdict was in fact contrary to the weight of the evidence. Therefore, the precept in *Commonwealth v. Brown,* 538 Pa. 410, 435–39, 648 A.2d 1177, 1189–91 (1994), that a weight of the

evidence claim must be addressed in the first instance by the trial court has been met. There was no need for the Superior Court to review a cold record and make an initial determination concerning the weight of the evidence, which was the problem underlying the *Brown* decision. That being the case, it was error for the Superior Court to apply *Hodge* in this case to rule that appellant's failure to file a post-sentence motion for a new trial had the effect of waving his claim that the verdict was contrary to the weight of the evidence. Under these circumstances, the Superior Court should have remanded the case to the trial court rather than holding that appellant had waived this claim.

We hold that the appellant must be permitted to file a motion for a new trial nunc pro tunc challenging the weight of the evidence pursuant to Rule 1410B.(1)(a)(iv). *Id.* at 3–4.

■ In light of the above passage, it is clear that this Court may review a weight of the evidence claim, even if the claim has not been preserved through post-sentence motions, as long as the trial court has addressed the claim in its Rule 1925 opinion. Nevertheless, we must next decide whether we may review appellant's weight of the evidence claim or must we necessarily remand this case for appellant to file a motion for new trial. In *Widmer*, the Supreme Court remanded the case to the trial court because "fairness dictate[d]" such a result. *See id.* at 6 (Cappy, J., concurring). The instant case, however, differs from *Widmer* in one major respect. Instantly, while the trial court addressed the weight of the evidence issue in its Rule 1925 opinion, it resolved the issue against appellant. *See* Opinion 8/1/96, at 4–5. Accordingly, it would be an exercise in judicial inefficiency to remand this case to allow

Goodwine to file a motion for a new trial *nunc pro tunc* challenging the weight of the evidence. Thus, we will review a weight of the evidence claim if it has been addressed by the trial court in a Rule 1925 opinion and resolved against appellant. A similar claim that has been resolved by the trial court in appellant's favor, however, must be remanded to the trial court in order for appellant to file a motion for new trial *nunc pro tunc*. *See Widmer, supra.*[1]

■ *We* now turn our attention to the trial court's determination that Goodwine's convictions were not contrary to the weight of the evidence. It is well-established that "[t]he role of an appellate court in reviewing the weight of the evidence is very limited. The purpose of that review is to determine whether the trial court abused its discretion and not to substitute the reviewing Court's judgment for that of the trial court." *Commonwealth v. Manchas*, 430 Pa.Super. 63, 71, 633 A.2d 618, 622–23 (1993), *alloc. denied,* 539 Pa. 647, 651 A.2d 535 (1994).[2] "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Thompson v. City of Philadelphia*, 507 Pa. 592, 598, 493 A.2d 669, 672 (1985).

■ Instantly, testimony at trial established that Goodwine was in fact the driver of the stopped vehicle and, accordingly, it was well within the trial court's discretion to determine that the verdict was not against the weight of the evidence. Officer Williams testified that, from the time the policemen activated their flashers until the time Goodwine's vehicle pulled to the side of the road, he never lost eye-contact with the vehicle. N.T. 4/9–10/96, at 15–17. Further, both Officer

---

1. We join our Supreme Court's belief that the Rules of Criminal Procedure should be amended to definitively address the issue of whether a weight of the evidence claim is preserved by an appellant who fails to file post-sentence motions. The Rules, in their current state, are clearly incomplete and simply create too many unanswered questions.

2. We note that this Court has held that "[a]n appellate court may only review the trial court's

exercises of discretion in granting or denying a new trial on the grounds that the verdict was contrary to the evidence; it may not address the underlying question whether the verdict is against the weight of the evidence." *Hodge, supra* at 659, 658 A.2d at 389. In light of our Supreme Court's decision in *Widmer*, however, it is now clear that this Court may also review the trial court's exercises of discretion, found in its Rule 1925 opinion, in determining whether the verdict was contrary to the weight of the evidence.

Williams and Officer Jocins testified that, once the vehicle had pulled to the side of the road, Goodwine exited from the driver's seat and another man exited from the passenger's seat. *Id.* at 17–18, 48. Both lawmen also testified that they did not witness anyone inside the vehicle attempt to change seats and that the occupants exited the vehicle nearly immediately after the vehicle ceased movement. *Id.* at 27, 47, 61.

▉ In presenting his weight of the evidence claim, Goodwine essentially alleges the lawmen lacked credibility and that the defense witnesses, which testified that he was not driving the vehicle, were more believable. On appeal, however, we will not re-assess the credibility of the witnesses' testimony. "Where issues of credibility and weight are concerned, it is not the function of an appellate court to substitute its judgment for that of the trial court." *Commonwealth v. Russell,* 445 Pa.Super. 510, 525, 665 A.2d 1239, 1246 (1995), *alloc. denied,* 544 Pa. 628, 675 A.2d 1246 (1996). "Only where the 'evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture,' may we overturn the verdict on the basis that it is against the weight of the evidence." *Commonwealth v. Harrison,* 290 Pa.Super. 389, 396, 434 A.2d 808, 812 (1981) (quoting *Commonwealth v. Farquharson,* 467 Pa. 50, 60, 354 A.2d 545, 550 (1976)).

Instantly, the record clearly supports the trial court's conclusion that "the police officers were unwavering in their statements that [Goodwine] was the driver of the vehicle." Opinion 8/1/96, at 4. Further, nothing in the record suggests that the testimony of Officers Williams and Jocins was so unreliable and contradictory as to make the verdict a product of speculation. Accordingly, we find that the trial court did not abuse its discretion in determining that the convictions were not contrary to the weight of the evidence and Goodwine's first issue on appeal must fail.

▉ Goodwine next alleges that the trial court erred in its final instructions to the jury. Specifically, the court issued the following jury instructions:

Now the crux of this case comes down to the question of identity. The police have identified the Defendant as the operator of the vehicle. For the most part, the other elements of the crime are stipulated to by the parties.

*There is always a question in any trial as to whether the identification is accurate and in some cases, it can be so shaky that the Court must instruct the jury to receive the identification of the Defendant with caution.*

*In this case, I am not going to tell you that you must receive the identification with caution;* however, if you believe that the officers did not have sufficient time to observe the Defendant, then you may, if you choose, receive that testimony with caution.

In fact, if you find that they didn't have sufficient time to make an accurate identification, then you must receive the testimony with caution.

If you find that they had a sufficient period of time to make an accurate identification, then you need not receive that evidence with caution and you may treat it just as you would treat any other evidence in the case.

Even if you should decide to receive the evidence with caution, that does not mean you must therefore disregard it but rather that you take it into account together with all the other evidence in the case in reaching your verdict. Identification testimony is always better when it is supported by other evidence in the case, even circumstantial evidence.

Appellant's brief at 13–14 (quoting N.T. 4/9–10/96, at 150–52) (emphasis original).

▉ Appellant alleges that a new trial is necessary because the highlighted portion of the above charge "implicitdly [sic] conveyed the impression that the [trial] court did not believe that the identification of Mr. Goodwine [was] in doubt." Appellant's brief at 3. We disagree.

Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a **new trial**. **A new trial is**

**required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.**

*Commonwealth v. England,* 474 Pa. 1, 16–17, 375 A.2d 1292, 1300 (1977) (emphasis original) (quoting *Commonwealth v. Goosby,* 450 Pa. 609, 611, 301 A.2d 673, 674 (1973)). Moreover,

It must be determined from all the circumstances whether a remark has a prejudicial effect; there is no fixed rule applicable to every case. An accepted guide in determining prejudicial effect is that, if the remark may be said with fair assurance to have had but a slight effect upon the jury, if any at all, and one is not left in doubt that it had no substantial influence in the case, it will not vitiate an otherwise fair trial.

*Commonwealth v. Phillips,* 183 Pa.Super. 377, 382, 132 A.2d 733, 736 (1957).

Instantly, we cannot reasonably find that the trial court's remarks served to deprive Goodwine of a fair and impartial trial. Only the most strained reading of the trial court's comments even remotely hints that the trial court was expressing a belief as to the accuracy of the identification of Goodwine. While it was imprudent for the trial court to apprise the jury that some cases mandate a cautionary instruction regarding identification testimony, this indiscretion was not fatal. As a whole, the court's instruction was very similar to Pennsylvania Suggested Standard Criminal Jury Instructions § 4.07, and we are convinced that the questioned remark had only slight, if any, impact on the jury. Accordingly, Goodwine's second issue must fail. *See Phillips, supra.*

■ Lastly, Goodwine alleges that his trial counsel was ineffective in failing to object when Officer Jocins testified that there was insufficient time for the driver and passenger of the vehicle to switch places. The well-established three-pronged test for evaluating such a claim is as follows:

The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989); *Commonwealth v. Pursell,* 508 Pa. 212, 495 A.2d 183 (1985). Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). If we determine that there was no reasonable basis for counsel's chosen course then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). The burden of establishing counsel's ineffectiveness is on the appellant because counsel's stewardship of trial is presumptively effective. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985).

*Commonwealth v. Pierce,* 537 Pa. 514, 522–26, 645 A.2d 189, 194–95 (1994).

Instantly, Officer Jocins testified as follows:

Q. Officer, did the vehicle in question ever go out of your sight or viewing sight of your car?

A. No. There was always a straight line between our police vehicle and the Cherokee.

Q. After this stop was made and this Defendant was eventually placed under arrest [for] driving under the influence of alcohol, did you have any reason to believe that it would be alleged that he was not, in fact, driving?

A. No. This whole thing came as a surprise to me.

\*     \*     \*     \*     \*     \*

Q. Based on your observations that evening, who was driving the vehicle?

A. Mr. Goodwine was driving the vehicle. **At no time was there time for anyone else to switch.**

N.T. 4/9–10/96 at 53–54 (emphasis added).

While the record clearly reveals that Goodwine's trial counsel did not object to the officer's last statement, it is equally clear that this omission was a strategic decision on counsel's part. Defense counsel cross-examined the officer as follows:

Q. You say you don't think there is any chance they could have switched seats in that vehicle before they got out?

A. There is no way that gentleman could have switched seats.

Q. It would have been really hard with bucket seats in a Jeep Cherokee?

A. Yes.

Q. Gearshift would get in the way in a Jeep Cherokee, you are real familiar with Jeep Cherokee?

A. Yes ... My sister owns one, and my brother owns one I have driven.

Q. You had a clear view of this vehicle?

A. From the outside.

Q. It would be easier if the gearshift was on the column?

A. Yes.

Q. It would be easier [if] there was a bench seat; right?

A. That would make it easier.

Q. What kind of seat does a[n] '87 GMC truck have?

A. This is a Jeep Cherokee.

Q. No. What kind of seat, bench, bucket, does a 1983 GMC truck have?

A. I don't know.

\* \* \* \* \* \*

Q. Isn't it true that the vehicle that Mr. Goodwine was in that evening was a 1987 GMC Jimmy?

A. No. He was in a Jeep Cherokee.

Q. Well, you were with Officer Williams when he made his report; right?

A. Yes, I was.

Q. You probably read it through; right?

A. Yes, I've read that report.

Q. Your report would indicate what kind of vehicle was involved; right?

A. Yes, it should.

Q. Well, do you know what kind of vehicle the report indicates?

A. No ...

Q. I would like to hand you a copy of it and ask you to read that portion of the report and see if it refreshes your recollection.

A. It says an '87 GMC green.

\* \* \* \* \* \*

Q. You are not mistaken about the type of vehicle?

A. No., I'm not. It was a green Jeep Cherokee.

Q. So I guess it is Officer Williams' recollection then that would be faulty?

A. I don't know what his recollection is.

*Id.* at 54–57.

Goodwine is entitled to no relief as defense counsel had two viable options at trial. First, counsel could have objected and asked that Officer Jocins' opinion testimony, as to why he believed that Goodwine was driving, be stricken. Instead, counsel chose to allow the opinion testimony into evidence only to demonstrate to the jury how this opinion was based upon a major faulty assumption and, thus, was defective. By allowing the lawman, who was a star witness for the Commonwealth, to state his opinion as to why he believed Goodwine was driving the vehicle, defense counsel effectively eliminated all other theories from the jury's consideration. If the jury had accepted defense counsel's argument that the lawman was mistaken as to the ease with which it was possible to switch seats in the vehicle in question, then all of Officer Jocins' testimony would have been effectively rendered innocuous. Unfortunately for Goodwine, defense counsel's strategy did not succeed. Nevertheless, we find that the trial strategy was reasonably based and, thus, Goodwine's last issue on appeal must join the rest in failure. *See Pierce, supra.*

Judgment of sentence affirmed.