**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert WILSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2003.
Filed May 27, 2003.

---

Laurence A. Narcisi, Willow Grove, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: ORIE MELVIN, BOWES and BECK, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Robert Wilson, appeals from the judgment of sentence entered following his conviction of two counts each of burglary, involuntary deviate sexual intercourse, sexual assault, criminal trespass, indecent assault, and indecent exposure. On appeal, he challenges the sufficiency of the evidence, the Commonwealth's failure to establish the specific time the first assault occurred, and the effectiveness of trial counsel. For the reasons that follow, we affirm.

¶ 2 The trial court in its opinion accurately stated the facts as follows:

The victim 59 year old [E.B.] testified that sometime in the middle of October 2000[,][s]he was about to enter her home at 1831 Sergeant Street when she was pushed from behind by the defendant. The defendant placed his hand over the victim's mouth and said to her "you know what I'll do if you scream."

The defendant forced the victim into another room and ordered her to lie down on a day bed and to remove her clothes. The defendant then instructed the victim to take his testicles into her mouth while he masturbated and rubbed her vagina. After ejaculating on the victim's breasts, the defendant went to the front door as if he was leaving. Before doing so he asked the victim if she wanted twenty $20.00 dollars to which she replied "yes". The defendant gave the victim twenty dollars and left.

According to the victim she had never seen the defendant before this encounter. She apparently felt she could not prove she was attacked and did not call the police. The court concluded from the witness' demeanor on the witness stand that she was mentally deficient. Two (2) weeks later when she returned home the victim saw the defendant leaning against an automobile near her house.

On December 8, 2000 the defendant again confronted the victim at her front door and forced his way inside. This incident occurred at about 11:00 p.m. After ordering the victim to undress, the defendant produced a camera and photographed her naked. The Commonwealth introduced these photographs

into evidence at trial. The defendant then forced the victim to again suck his testicles while again rubbing her vagina, masturbating and ejaculating on her.

As the defendant was getting dressed the police arrived at the victim's front door after being summoned by a suspicious neighbor. The defendant approached the door and then disappeared back into the house. The defendant asked the victim to pretend that he was her boyfriend. The victim refused stating that she did not even know the defendant's name. The defendant was then arrested.

The defendant took the stand and denied participating in the October incident. He claimed the December 8, 2000 incident was consensual after the victim flagged him down on the street requesting a ride and offered to allow him to photograph her nude for $20.00 dollars. The court did not credit the defendant's testimony.

Trial Court Opinion, 7/16/02, at 1–2.

¶ 3 Appellant was arrested and charged pursuant to two separate criminal informations.[1] Following a bench trial held on June 14, 2001, Appellant was convicted on two counts each of burglary, involuntary deviate sexual intercourse, sexual assault, criminal trespass, indecent assault and indecent exposure. Appellant was acquitted on the remaining charges. Appellant was sentenced on September 26, 2001 to an aggregate term of five to ten years' imprisonment. Appellant filed post-sentence motions which were denied. This appeal followed.

¶ 4 Appellant presents four questions for our review. Appellant first challenges

whether the evidence was sufficient to support his convictions. Specifically, Appellant argues the evidence fails to establish he was involved in the October 2000 incident. He further contends the victim lied to the authorities regarding what transpired on December 8, 2000 claiming it was a consensual encounter. He further challenges the reliability of the testimony provided by the victim and her neighbor, Pablo Sanchez, at trial. Appellant's brief at 10, 14–19.

¶ 5 In reviewing the sufficiency of the evidence, we must determine whether the evidence, and all reasonable inferences deducible from that viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all the elements of the offenses beyond a reasonable doubt. *Commonwealth v. Nixon*, 801 A.2d 1241, 1243 (Pa.Super.2002) (citation omitted). This Court, however, may not weigh the evidence and substitute our own judgment for that of the fact-finder. *Commonwealth v. Krouse*, 799 A.2d 835 (Pa.Super.2002). We also note that the fact-finder is free to believe "all, part or none" of the evidence presented to it. *Id.* at 838. The question of whether reasonable doubt of guilt exists is one for the fact-finder, "unless the evidence be so weak and inconclusive that as a matter of law no probability of fact can be drawn[.]" *Commonwealth v. Foster*, 764 A.2d 1076, 1082 (Pa.Super.2000), *appeal denied*, 566 Pa. 658, 782 A.2d 542 (2001).

 ¶ 6 A sufficiency of the evidence review, however, does not include an assessment of the credibility of the testimony offered by the Commonwealth. *Commonwealth v. Brown*, 538 Pa. 410, 438, 648

---

1. Specifically, by Criminal Information No. 0423, Appellant was charged with IDSI, burglary, sexual assault, criminal trespass, indecent assault, terroristic threats, simple assault, and indecent exposure. By Criminal Information No. 0554, Appellant was charged with IDSI, burglary, sexual assault, criminal trespass, indecent assault, unlawful restraint, simple assault, false imprisonment and indecent exposure.

A.2d 1177, 1191 (1994). Such a claim is more properly characterized as a weight of the evidence challenge. *Commonwealth v. Bourgeon,* 439 Pa.Super. 355, 654 A.2d 555 (1994). Therefore, we find the Appellant has blurred the concepts of weight and sufficiency of the evidence. Based upon our review, it appears Appellant is raising a weight of the evidence claim. We find this claim is waived for failing to raise it first before the trial court. *See* Pa. R.Crim.P. 607, 42 Pa.C.S.A.; *See also Commonwealth v. Butler,* 729 A.2d 1134 (Pa.Super.1999), *appeal denied,* 560 Pa. 668, 742 A.2d 167 (1999); *Commonwealth v. Robinson,* 2003 PA Super 61, 817 A.2d 1153. A challenge to the weight of the evidence must first be raised in the trial court in order for it to be the subject of appellate review. *Commonwealth v. Hodge,* 441 Pa.Super. 653, 658 A.2d 386 (1995).

■ ¶ 7 Next, Appellant argues that the victim's testimony regarding the sexual act in question did not constitute IDSI. Appellant contends the penetration requirement was not met since the testicles, as opposed to the penis, were involved here. We disagree.

■ ¶ 8 The offense of involuntary deviate sexual intercourse is defined as follows. "A person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant by (1) forcible compulsion." 18 Pa. C.S.A. § 3123(a)(1). Deviate sexual intercourse is defined as sexual intercourse per os or per anus between human beings. 18 Pa.C.S.A. § 3101. The penetration requirement for involuntary deviate sexual intercourse is "penetration however slight." In addition to its ordinary meaning, the term sexual intercourse is defined as intercourse per os or per anus, with some penetration however, slight. *Id.*

Therefore, in order to sustain a conviction for involuntary deviate sexual intercourse, the Commonwealth must establish the perpetrator engaged in acts of oral or anal intercourse, which involved penetration however slight. *Commonwealth v. Poindexter,* 435 Pa.Super. 509, 646 A.2d 1211, 1215 (1994), *appeal denied,* 540 Pa. 580, 655 A.2d 512 (1995). In order to establish penetration, some oral contact is required. *See Commonwealth v. Trimble,* 419 Pa.Super. 108, 615 A.2d 48 (1992) (finding actual penetration of the vagina is not necessary; some form of oral contact with the genitalia is all that is required). Moreover, a person can penetrate by use of the mouth or the tongue. *See In the Interest of J.R.,* 436 Pa.Super. 416, 648 A.2d 28 (1994), *appeal denied,* 540 Pa. 584, 655 A.2d 515 (1995) (stating "Deviate sexual intercourse is considered to have occurred if one's mouth or tongue penetrates the vaginal area of another").

*Commonwealth v. L.N.,* 787 A.2d 1064, 1070 (Pa.Super.2001).

¶ 9 Here, the victim's testimony revealed that Appellant inserted his testicles into her mouth. Clearly, this conduct constituted oral intercourse. Because there was oral contact with the Appellant's genitalia and the victim's mouth, we find the evidence is sufficient to establish penetration however slight. *See Commonwealth v. McIlvaine,* 385 Pa.Super. 38, 560 A.2d 155 (1989), *reversed on other grounds,* 529 Pa. 381, 603 A.2d 1021 (1992) (holding where victim was forced to kiss appellant's penis, testimony was sufficiently descriptive to warrant the inference by the jury that the appellant penetrated, "however, slight," the mouth of the victim).

■ ¶ 10 Appellant next contends that the Commonwealth's failure to establish a specific date of the first incident prevented

him from establishing an alibi defense and deprived him of his right to a fair trial.

¶ 11 It is well settled that the date of the commission of the offense must be fixed with reasonable certainty. *Commonwealth v. Devlin*, 460 Pa. 508, 512, 333 A.2d 888, 890 (1975). However, we recognize the Commonwealth contends this issue is waived because Appellant failed to raise this claim before the trial court. Based upon our review, it is evident that Appellant failed to raise this issue at trial or in post-trial motions. Specifically, Appellant did not file a motion for a bill of particulars or a notice of alibi. Therefore, we find this issue is waived. *See* Pa.R.A.P. 302(a) stating, "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."; *see also* Pa.R.A.P. 2119(c), 42 Pa.C.S.A.

¶ 12 The first time Appellant raised this claim is in his 1925(b) statement. However, the trial court did not specifically address this issue in its opinion. Even assuming this issue was properly preserved, upon review we find that Appellant fails to cite to any pertinent authority to support his position. Rather, he references cases which generally provide for the definition of the term "alibi" and provide that an alibi defense may leave in the minds of the jury a reasonable doubt that might not otherwise exist. *See* Appellant's brief at 21 (citing cases). As these cases fail to support Appellant's contention, we find his claim is waived. *See Commonwealth v. Ellis*, 700 A.2d 948, 957 (Pa.Super.1997), *appeal denied*, 556 Pa. 671, 727 A.2d 127 (1998) (holding waiver results when appellant fails to properly develop issue on appeal or cite to any legal authority to sustain contention); *see also* Pa.R.A.P. 2119(a), 42 Pa.C.S.A ·

¶ 13 Finally, Appellant raises four claims challenging the effectiveness of trial counsel. Specifically, Appellant claims trial counsel was ineffective in the following respects: (1) failing to investigate and cross examine the complaining witness about her mental illness including the medications she takes for the treatment of the same; (2) failing to file a notice of alibi; (3) failing to cross examine the complaining witness about the inconsistencies between her trial testimony and the second statement she gave to the investigating officers; and (4) failing to object at sentencing during the introduction of certain highly prejudicial photographs at trial.

¶ 14 Because the instant case is a direct appeal from Appellant's judgment of sentence, we must be guided by our Supreme Court's recent holding in *Commonwealth v. Grant*, 572 Pa. 48, 49, 813 A.2d 726, 738 (2002), that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." The Court recognized that "oftentimes, demonstrating trial counsel's ineffectiveness will involve facts that are not available on the record." *Id.* at 66, 813 A.2d at 737. This rule applies retroactively to cases pending on direct appeal where ineffective assistance of counsel issues have been raised. *Id.* However, an exception to the general rule may be created when there has been a complete or constructive denial of counsel or that counsel has breached his or her duty of loyalty. *Id.* at 67, 813 A.2d at 738, fn. 14.

¶ 15 Based upon our review, we do not find the record is adequately developed to enable this Court to address Appellant's claims. "We believe that these claims, based on the present state of this record, are best addressed on collateral review after the PCRA court has made findings as to the effectiveness, or lack thereof, of trial counsel." *Commonwealth v. Thornton*, 822 A.2d 31, 36 (Pa.Super.2003). More-

over, as was the case in *Grant,* Appellant has not invoked any of the limited exceptions to the general rule by raising an allegation that there has been a complete or constructive denial of counsel or that counsel has breached his or her duty of loyalty. *Commonwealth v. Carmichael,* 818 A.2d 508, 510 (Pa.Super.2003) (citing *Grant* ). Accordingly, Appellant's ineffectiveness claims are dismissed without prejudice to his right to seek further relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. *Grant, supra.*

¶ 16 Judgment of sentence affirmed.