J-S06009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMAINE JONES, | |
| Appellant | No. 3445 EDA 2013 |

Appeal from the Judgment of Sentence Entered November 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014034-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 26, 2015**

Appellant, Jamaine Jones, appeals from the judgment of sentence of five to ten years' incarceration, imposed after a jury convicted him of persons not to possess a firearm, 18 Pa.C.S. § 6105.  Appellant challenges the sufficiency of the evidence to sustain his conviction.  We affirm.

Appellant was arrested and charged with the above-stated offense on October 3, 2011.  His jury trial commenced on September 5, 2013.  At trial, the Commonwealth presented, *inter alia*, the testimony of Philadelphia Police Officers Cyrus Pollard and Robert Ellis.  Officers Pollard and Ellis testified that on the night of October 3, 2011, they responded to a report of shots fired and observed Appellant walking on a well-lit sidewalk.  Both officers testified

_____

[*] Former Justice specially assigned to the Superior Court.

that they saw a silver firearm in Appellant's hand. Upon seeing the officers, Appellant dropped the gun and ran. The officers pursued Appellant and ultimately apprehended him, after which they retraced the path of his flight and found a stainless steel, 9-millimeter semiautomatic handgun. The Commonwealth submitted that firearm for fingerprint and DNA analysis. Philadelphia Police Officer Edward Fidler, an expert in the development of fingerprints, testified that he did not find Appellant's fingerprints on the weapon. Jamila Howard, an expert in DNA analysis, testified that Appellant's DNA was also not found on the gun.[1]

On September 10, 2013, the jury convicted Appellant of persons not to possess a firearm. On November 12, 2013, Appellant was sentenced to five to ten years' incarceration, imposed to run consecutively to any other sentence he was then serving. Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents one question for our review: "Whether the evidence was insufficient to support a conviction of possession of a firearm by a prohibited person?" Appellant's Brief at 3.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

---

[1] The trial court set forth a detailed recitation of the evidence presented at trial in its Pa.R.A.P. 1925(a) opinion. *See* Trial Court Opinion (TCO), 6/17/14, at 2-9.

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant challenges his conviction for persons not to possess a firearm, defined in 18 Pa.C.S. § 6105 as follows:

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a).

Appellant acknowledges that at trial, he stipulated that he is "[a] person who has been convicted of an offense enumerated in subsection (b)" of section 6105 and, therefore, he was prohibited from possessing a firearm under that statute. *See* 18 Pa.C.S. § 6105(a); Appellant's Brief at 8-9. Appellant maintains, however, that the Commonwealth failed to prove that he possessed a firearm because, "[a]lthough both police officers testified that they saw [A]ppellant holding a gun, there [were] some major discrepancies in the evidence that challenged that testimony." Appellant's

Brief at 7. Namely, Appellant cites purported inconsistencies between Officer Pollard's trial testimony and (1) statements he made over the police radio on the night of Appellant's arrest, (2) his testimony at Appellant's preliminary hearing, and (3) statements in his written police report. *Id.* at 7. Appellant also claims that Officer Ellis' trial testimony was inconsistent with statements he made over the police radio on the night of the incident. *Id.* at 8. Appellant essentially argues that because of these alleged inconsistencies between the officers' testimony and other evidence presented at trial, the jury should not have credited the officers' testimony that they observed Appellant in possession of a gun. Appellant also maintains that the evidence was insufficient to prove he possessed the firearm because neither his DNA nor fingerprints were found on that weapon. *Id.* at 9.

After careful review, we are constrained to deem Appellant's argument regarding the purported inconsistencies in Officer Pollard's and Officer Ellis' testimony waived. This claim attacks the credibility of the officers' testimony and, thus, it constitutes a challenge to the weight of the evidence, not the sufficiency. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa. Super. 2003) ("A sufficiency of the evidence review … does not include an assessment of the credibility of the testimony offered by the Commonwealth. Such a claim is more properly characterized as a weight of the evidence challenge.") (citations omitted). "A challenge to the weight of the evidence must first be raised in the trial court in order for it to be the

subject of appellate review." *Id.* (citing *Commonwealth v. Hodge*, 658 A.2d 386 (Pa. Super. 1995)); *see also* Pa.R.Crim.P. 607(A)(1)-(3) (directing that a weight of the evidence claim must be raised "orally, on the record, at any time before sentencing; … by written motion at any time before sentencing; or … in a post-sentence motion"). Here, Appellant did not file a post-sentence motion raising his challenge to the weight of the evidence, and he also does not point to where in the record he orally preserved it for our review. *See* Pa.R.A.P. 2117(c) (directing the appellant to set forth, in the Statement of the Case section of his brief, a "specific reference to the places in the record" where he preserved the issue(s) below). Accordingly, Appellant's weight of the evidence claim is waived. *See Wilson*, 825 A.2d at 714 (finding the appellant's weight of the evidence claim waived based on his failure "to raise it first before the trial court") (citing, *inter alia*, Pa.R.Crim.P. 607).

In regard to Appellant's assertion that the evidence was insufficient to prove that he possessed the gun because his DNA and/or fingerprints were not found on the firearm, this claim is meritless. As the trial court emphasizes, Officer Pollard and Officer Ellis both testified that they "saw [Appellant] in a well-lit area holding a gun, which he dropped upon seeing them." TCO at 10. While defense counsel attempted to undermine this testimony by highlighting that no physical evidence tied Appellant to the gun, Officer Fidler, an expert in fingerprint analysis, testified that "fingerprints are not always recoverable from firearms because of factors

like the oil production on skin or the finish of the gun." TCO at 11 (citation to the record omitted). Additionally, Ms. Howard, the Commonwealth's DNA expert, opined that the absence of DNA on the firearm "did not mean that the gun was not touched." *Id.* at 8. She explained "that it [is] variable whether DNA will be left behind on a piece of evidence because of many different factors, including how long the evidence was in contact with the person, whether the person was wearing gloves, or whether the person has a disposition to leave behind more DNA." *Id.* (citation to the record omitted).

Based on the expert opinions of Officer Fidler and Ms. Howard, it is clear that the absence of Appellant's fingerprints and DNA on the gun did not necessarily prove that he did not touch that weapon. Instead, the jury was free to credit the testimony of Officers Pollard and Ellis that they saw Appellant with a gun in his hand, despite the lack of physical evidence tying Appellant to the firearm. Therefore, Appellant's challenge to the sufficiency of the evidence to sustain his conviction is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2015

- 6 -