J-S47030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEON WILLIAM HOLLY, JR. | |
| Appellant | No. 10 MDA 2016 |

Appeal from the Judgment of Sentence November 30, 2015
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000840-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:                    **FILED JULY 28, 2016**

Leon William Holly, Jr. ("Appellant") appeals from the judgment of sentence entered in the Columbia County Court of Common Pleas following his bench trial convictions for possession with intent to deliver ("PWID") and possession of marijuana.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On October 26, 2015, Appellant waived his right to a jury trial, and the court conducted a bench trial.  Contance Warren, Nancy Engel, and Officer Bradley Sharrow testified for the Commonwealth.  According to their testimony, Ms. Warren and Ms. Engel cooperated with Officer Sharrow and acted as confidential informants ("CIs") to conduct controlled purchases of marijuana

---

[1] 35 P.S. § 780-113(a)(30) and (16), respectively.

from Appellant on February 4, 2013, June 6, 2013 and August 9, 2013. N.T., 10/25/2015, at 14, 30, 31, 34, 66. Appellant and his sister, Maliea Fishburn, testified for the defense. According to their testimony, Appellant did not sell any marijuana to the CIs. *Id.* at 72, 79. Appellant and his sister testified that Appellant and the CIs were friends who spoke on the dates in question, but their neighbor, Glenda Fatzinger, sold the marijuana to the CIs. *Id.* at 72, 74, 79, 95.

The trial court convicted Appellant of three counts of PWID and three counts of possession of marijuana. On November 30, 2015, the court sentenced Appellant to 2-7 months' incarceration, plus 20 hours of community service, and granted him automatic and immediate work release eligibility. Appellant did not file post-sentence motions. On December 30, 2015, Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THE COMMONWEALTH'S WITNESSES TO BE CREDIBLE WHERE THEIR TESTIMONY WAS SO UNRELIABLE AND UNBELIEVABLE AS TO RENDER THE VERDICT BASED THEREON AS PURE CONJECTURE[?]

Appellant's Brief at 2.

Appellant claims the "weight of the evidence presented at trial is insufficient to support the verdict." Appellant's Brief at 7. Appellant argues the trial court erred by choosing to believe the testimony of the

Commonwealth's witnesses instead of the testimony of himself and his sister. Thus, he concedes the evidence was sufficient to support the court's finding, but challenges the weight of the evidence.

The relevant rule of criminal procedure provides:

**Rule 607. Challenges to the Weight of the Evidence**

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa. R. Crim. P. 607.

Appellant failed to raise his challenge to the weight of the evidence orally before sentencing, by a written motion before sentencing, or in a post sentence motion. We find this claim is waived for failing to raise it first before the trial court. *See Commonwealth v. Wilson*, 825 A.2d 710, 714 (Pa.Super.2003) ("A challenge to the weight of the evidence must first be raised in the trial court in order for it to be the subject of appellate review.").

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2016

- 3 -