J-S56023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE LUIS SANTIAGO | |
| Appellant | No. 2219 MDA 2013 |

Appeal from the Judgment of Sentence of September 23, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at Nos.: CP-36-CR-0005359-2012
CP-36-CR-0005383-2012

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED SEPTEMBER 12, 2014**

Jose Luis Santiago appeals the September 23, 2013 judgment of sentence, which was imposed following a jury trial that resulted in Santiago being found guilty of two counts of delivery of a controlled substance.[1]  We affirm.

The trial court has summarized the facts of this case as follows:

In January of 2011, Anthony Munoz, a confidential informant ("CI"), assisted Trooper Jerry Cessna of the Pennsylvania State Police in conducting a series of controlled purchases of cocaine, commonly referred to as "buy busts."  In a buy bust, a CI purchases drugs from a street level dealer.  The trooper searches the CI before and after the sale, and never allows the CI to leave his sight throughout the entire transaction.  Once the

_____

[*]      Retired Senior Judge assigned to the Superior Court.

[1]      35 P.S. § 780-113(a)(30).

purchase is complete, the dealer is not immediately arrested in order to preserve the CI's identity.

On January 14, 2011, at approximately 6:45 p.m., Mr. Munoz contacted an individual identified as "Lou" to discuss the purchase of cocaine. Mr. Munoz agreed to purchase half of an ounce, or 14 grams, of cocaine from Lou for $575.00, and arranged to meet him five to ten minutes later on South Duke Street in Lancaster City. After searching Mr. Munoz to ensure that he was not carrying any personal money or drugs, Trooper Cessna provided him with $575.00 in pre-recorded State Police Fund money to conduct the transaction. Trooper Cessna then transported Mr. Munoz to the meeting location and instructed him to get out of the vehicle and to wait for Lou to arrive.

Several minutes later, Lou picked Mr. Munoz up in a white Ford Expedition and took him to the area of Marion and North Ann Streets in Lancaster City, which is within a Drug Free School Zone. Trooper Cessna followed the Expedition, ensuring that he never lost sight of Mr. Munoz. After parking his vehicle, Lou took the $575.00 from Mr. Munoz and walked around the corner to a house on Marion Street. Five minutes later, Lou returned and provided Mr. Munoz with a bag containing a white substance. Lou then transported Mr. Munoz back to South Duke Street, where he met with Trooper Cessna at a pre-arranged location. Mr. Munoz provided Trooper Cessna with the substance that he had purchased, and a second full body search was conducted, which yielded no other money or contraband.

When Trooper Cessna returned to the police station, he performed a field test on the white substance which yielded a positive result for the presence of cocaine. Ultimately, the white substance was identified by the Pennsylvania State Police Forensic Laboratory as 14.1 grams of cocaine.

On January 27, 2011, Mr. Munoz made a second controlled purchase of cocaine from Lou. This time, Mr. Munoz purchased one ounce of cocaine from Lou for $1,150.00. All other elements of the sale were nearly identical to the first transaction: Lou picked Mr. Munoz up on South Duke Street, transported him to the intersection of Marion and North Ann Streets, collected the money, briefly left the vehicle, and returned with the cocaine. Once again, Trooper Cessna followed Mr. Munoz throughout the entire interaction. After the purchase, Mr. Munoz provided Trooper Cessna with a second bag containing a white substance

which was later identified by the Pennsylvania State Police Laboratory as 26.8 grams of cocaine.

On April 18, 2012, Mr. Munoz contacted Trooper Cessna and informed him that he had recently discovered that Lou's real name was Jose Santiago. Trooper Cessna showed Mr. Munoz a photograph of [Santiago], who Mr. Munoz identified as being the same individual that he knew as Lou and had purchased cocaine from on two occasions. Trooper Cessna also recognized [Santiago] as Lou. As a result of the positive identifications, Trooper Cessna charged [Santiago] with two counts of delivery of cocaine.

Trial Court Opinion ("T.C.O."), 2/28/2014, at 1-4. (headings, citations to notes of testimony, and footnote omitted; some capitalization modified).

Following a jury trial, Santiago was convicted of both counts on July 9, 2013. On September 23, 2013, Santiago was sentenced to an aggregate term of five to ten years' incarceration. On November 14, 2013, after the expiration of the statutory deadline for filing a notice of appeal, Santiago sought leave of the trial court to file an appeal *nunc pro tunc*. On November 26, 2013, the trial court granted the motion and reinstated Santiago's appellate rights *nunc pro tunc*. Santiago filed a notice of appeal on December 12, 2013.

On December 16, 2013, the trial court directed Santiago to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), to be served on the court no later than January 6, 2014. Santiago filed a timely concise statement on January 2, 2014. On February 28, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Santiago raises the following issue for our review:

Whether the lower court erred in determining that the evidence is legally sufficient to sustain the jury's verdict?

Brief for Santiago at 4.

Santiago claims that the evidence was insufficient to support his convictions because the Commonwealth did not present any "direct, physical evidence" of the crime, and instead presented only unreliable testimony. *See* Brief for Santiago at 9. The Commonwealth argues that it may sustain its burden entirely with circumstantial evidence, that physical evidence is not required, and that the jury was free to believe that the testimony was reliable. *See* Brief for Commonwealth at 6, 8.

Santiago's argument regarding the sufficiency of the evidence is based, in part, upon an assertion that the jury should not have believed the testimony of the Commonwealth's witnesses. Specifically, Santiago argues that the testimony was incredible because of Mr. Munoz's criminal history, which includes drug-related convictions and the *crimina falsi* of theft and receiving stolen property, and because the initial description of the actor provided in the narrative that Trooper Cessna prepared shortly after observing the offense lacked sufficient detail to identify Santiago. However, a sufficiency of the evidence claim, the type that Santiago asserts in his brief and raised in his concise statement, does not include an assessment of the credibility of the testimony offered by the Commonwealth. ***Commonwealth v. Wilson***, 825 A.2d 710, 713-14 (Pa. Super. 2003). Rather, an argument regarding the credibility of a witness's testimony "goes to the weight of the

evidence, not the sufficiency of the evidence." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281–82 (Pa. Super. 2009). Santiago essentially is asking this Court to assess the weight, not the sufficiency, of the evidence. Santiago did not preserve a challenge to the weight of the evidence by raising such a challenge before the trial court in a post-sentence motion.[2] He also does not address a weight challenge in his brief. Thus, to the extent that Santiago is advancing a weight claim in this appeal, such a claim has not been properly preserved and is waived.

Beyond the credibility issue, Santiago argues that the testimony provided at trial was insufficient to sustain his convictions. When reviewing challenges to the sufficiency of the evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of

_____

[2]    A claim that the verdict was against the weight of the evidence must be raised with the trial judge in a motion for a new trial either (1) orally, on the record, at any time before sentencing, (2) by written motion at any time before sentencing, or (3) in a post-sentence motion. Pa.R.Crim.P. 607.

proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Phillips*, 93 A.3d 847, 856 (Pa. Super. 2014) (citations omitted). Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

Santiago was convicted of two counts of delivery of a controlled substance in violation of 35 P.S. § 780-113(a)(30).

The crime of delivery of a controlled substance is defined as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(30) Except as authorized by this act, the manufacture, **delivery**, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30) (emphasis added).

The term delivery, as used in this section, is defined by the Controlled Substance, Drug, Device and Cosmetic Act as "the actual, constructive, or attempted transfer from one person to another of a controlled substance,

other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. § 780-102. For a defendant to be guilty of delivery of a controlled substance, the Commonwealth must present evidence that the charged defendant knowingly made an actual, constructive, or attempted transfer of a controlled substance to another person without the legal authority to do so. *Commonwealth v. Murphy*, 844 A.2d 1228, 1234 (Pa. 2004).

Viewing the evidence of record in the light most favorable to the Commonwealth, the evidence was more than sufficient to sustain both of Santiago's convictions. The testimony at trial demonstrated that, on two occasions, Santiago knowingly made an actual transfer of a controlled substance to Mr. Munoz without the legal authority to do so. Santiago first sold 14.1 grams of cocaine to Mr. Munoz in exchange for $575.00, and on a second occasion, Santiago sold 26.8 grams of cocaine to Mr. Munoz in exchange for $1,150.00.

Mr. Munoz testified that, on both occasions before they executed the "buy bust," Trooper Cessna searched Mr. Munoz for drugs or money, provided Mr. Munoz with the money for the drug transaction, and dropped him off near the pre-arranged meeting area. Mr. Munoz testified that Santiago met him at the designated area and drove the two of them to the same intersection on both occasions. Once at the intersection, Santiago took the money from Mr. Munoz and left the vehicle to go around a corner. After five or ten minutes, Santiago returned to the vehicle and provided Mr.

Munoz with a bag containing cocaine, which Mr. Munoz then delivered to Trooper Cessna. Mr. Munoz testified that he did not know Santiago's real name at the time of the transactions, but learned it afterwards. Mr. Munoz identified Santiago by a photograph that Trooper Cessna provided to him, and he identified Santiago during the trial as the individual who had sold the cocaine to him.

Trooper Cessna's testimony corroborated Mr. Munoz's account of the "buy busts." Trooper Cessna testified that, on both occasions, he searched Mr. Munoz and provided him with pre-recorded State Police Fund money to complete the transaction. Trooper Cessna followed and observed Mr. Munoz and Santiago while they conducted their business. He then recovered the cocaine from Mr. Munoz and searched Mr. Munoz again, confirming that the money was no longer on Mr. Munoz's person. During the trial, Trooper Cessna identified Santiago as the individual that he followed and had seen engaging in these drug transactions.

Finally, Santiago argues that the evidence was insufficient to sustain his convictions for delivery of a controlled substance because the Commonwealth did not present "direct evidence linking [Santiago] to the offenses," and did not present physical evidence of the crime. *See* Brief for Santiago at 7, 10. This argument not only ignores the evidentiary value of the testimony, but it also fails to account for the fact that the Commonwealth "may sustain its burden of proving every element of the

crime beyond a reasonable doubt by means of wholly circumstantial evidence." ***Phillips***, 93 A.3d at 856.

The jury elected to believe the evidence presented by the Commonwealth and determined that the evidence was sufficient to find Santiago guilty beyond a reasonable doubt. This Court will not disturb the fact-finder's determination regarding the sufficiency of the evidence "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Phillips***, 93 A.3d at 856. As the testimony provided by the Commonwealth's witnesses established the elements of the crime of delivery of a controlled substance and identified Santiago as the individual who committed this crime beyond a reasonable doubt, the evidence is not too weak or inconclusive to sustain the convictions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2014

- 9 -