J-S64024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLEN JEROME WILLIAMS, | |
| Appellant | No. 487 WDA 2014 |

Appeal from the Judgment of Sentence Entered March 10, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001648-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 15, 2014**

Appellant, Allen Jerome Williams, appeals from the judgment of sentence of 30 to 84 months' imprisonment.  Appellant challenges the sufficiency of the evidence introduced at his trial, and the trial court's failure to grant a mistrial following the admission of a photograph into evidence.  After careful review, we affirm.

Appellant proceeded to a jury trial on March 3, 2014.  The facts adduced at trial were as follows:

> On May 11th of 2011, Detective Donald Cross along with a confidential informant … (Informant), travelled to 41 Cycle Street in Uniontown.  Upon arrival, Detective Cross obtained the registration from a Honda Civic parked outside.  Upon entering the residence, Detective Cross and the Informant were greeted by a man Detective Cross identified as [Appellant].  Detective Cross and the Informant indicated to [Appellant] a desire to purchase heroin and [Appellant] instructed the two to go to the Rite Aid parking lot.

While waiting in the Rite Aid parking lot, the Informant received a call. At the conclusion of the call, the Informant drove the car to the parking lot of the Atlantic Broadband building on Bailey Avenue. Detective Cross noticed the same Honda Civic parked in the lot and instructed the Informant to park to the right of the Honda. Detective Cross handed $350 to the Informant, who then exited the vehicle and walked into the lot. Detective Cross testified that [Appellant] exited the building and met with the Informant 10 feet from the vehicle in which the detective was sitting. Detective Cross testified that, while outside the building, he observed the Informant hand the money to [Appellant], and [Appellant] hand the Informant a plastic bag containing 50 rolled items.

At trial, parties stipulated that the package did contain heroin, a Schedule 1 controlled substance. Detective Cross stated that he had an unobstructed view of the transaction and the package had remained in his sight from the time of the transaction to the time he received the package from the Informant. The Informant and his vehicle were searched before and after the operation for drugs, money, or other contraband; both searches determined that there were no such items present.

Trial Court Opinion (TCO), 6/27/14, at 2 – 3 (citations to the record omitted). At the conclusion of Appellant's trial, the jury found him guilty of delivery of heroin. On March 10, 2014, Appellant was sentenced to 30 to 84 months' imprisonment. He filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b).

Appellant now presents the following questions for our review:

1. Did the Commonwealth fail to provide sufficient evidence on the charges of delivery, intent to deliver and possession

of a controlled substance,[1] that the officer would not have been able to observe Appellant deliver the drugs inside of the building?

> 2. Did the trial court err when it permitted the introduction of evidence, *i.e.*, a JNET photograph, that had never been provided to defense counsel during discovery?

Appellant's brief at 7 (unnecessary capitalization omitted).

Appellant first argues that the evidence was insufficient to establish that he delivered the heroin in question. Our standard of review of such claims is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt . . . . When reviewing the sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (citations omitted).

Appellant was convicted of delivery of heroin, defined at 35 Pa. C. S. § 780-113(a)(30):

> (a)    The following acts and the causing thereof within the Commonwealth are hereby prohibited.
> …

---

[1] For the sake of clarity, we note that Appellant was charged with, and convicted of, one count; that count was delivery of heroin. Appellant's apparent references here to convictions for possession and possession with intent to deliver appear to be in error.

> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

Here, Detective Cross testified that he watched a confidential informant give $350 to Appellant. Detective Cross then watched as Appellant handed the confidential informant a plastic bag containing rolled items. At trial, Appellant stipulated that the bag contained heroin. As such, the evidence was sufficient to establish that Appellant delivered heroin.[2]

_____

[2] Appellant's briefed argument regarding this issue ends abruptly after the first page; as such, his precise challenge to the sufficiency of the evidence is unclear.

We note, however, that Appellant claims: "any contact between [Appellant] and the confidential informant occurred that day inside the building." Appellant's brief at 9. Moreover, Appellant asserts that "the officer would not have been able to observe the Appellant deliver the drugs inside of the building." Appellant's brief at 7. As noted *supra*, Detective Cross's uncontroverted testimony at trial was that he watched the transaction occur, and it occurred outside the building. There is nothing in the record to suggest that the transaction occurred outside of the detective's observation.

Appellant did not include citations to authority in his brief's "Scope and Standard of Review." We will reiterate that our scope of review of sufficiency claims on direct appeal is limited to the record before us, and all reasonable inferences therefrom, taken in the light most favorable to the Commonwealth. ***Widmer***, 744 A.2d at 751.

To the extent that Appellant challenges the credibility of the detective's testimony, this would constitute a challenge to the weight of the
*(Footnote Continued Next Page)*

Next, Appellant claims that the trial court erred in permitting the Commonwealth to introduce a photograph of Appellant into evidence, because that photograph had not been turned over to Appellant in discovery.

Appellant relies on Pa. R. Crim. P. 573(B), which states in applicable part:

> (1)     In all court cases, on request by the defendant … the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.
>
>           …
>
>       (f) [A]ny tangible objects, including … photographs[.]

As noted by counsel for the Commonwealth at trial,

> [o]n page 3 of the police report, at paragraph number 11, there is an indication that the detective previously viewed [Appellant's] identity from the JNET photo history.  So this issue of JNET was not hidden in any way, it was contained in the police report and the police report was part of the discovery.

_(Footnote Continued)_ ────────────────

evidence.  **_See Commonwealth v. Wilson_**, 825 A.2d 710, 713-714 (Pa. Super. 2003) ("A sufficiency of the evidence review … does not include an assessment of the credibility of the testimony offered by the Commonwealth. Such a claim is more properly characterized as a weight of the evidence challenge.") (internal citations omitted).  Appellant has not preserved a challenge to the weight of the evidence; as such, we will not address it on appeal.  **_See_** Pa. R. Crim. P. 607(a) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial").

N.T., 3/3/14, at 35. Moreover, counsel for the Commonwealth argued that the defense would have been able to inspect and copy that picture, had they arranged to do so. *Id.* at 35 – 36. Appellant's counsel did not claim that he ever tried to make such arrangements; rather, his sole argument was that the photograph was not provided in the discovery packet the Commonwealth had provided him. *Id.* at 36.

Our review of the record shows that the Commonwealth disclosed the existence of the JNET photograph to Appellant. Moreover, Appellant concedes he did not attempt to inspect the photograph. Appellant argues:

> The failure to provide the JNET photograph to counsel for the defense [*sic*] stated that the admission of the undisclosed photo would negatively impact his trial strategy. Timely disclosure of the photo would have changed the strategy of counsel. Counsel stated that "I would, therefore, ask him about it and it goes basically to his word as opposed to having some physical evidence that he viewed a document, an official document, with Mr. Williams['] name on it, and it changed the whole strategy of the case since it was not provided to me. Because then I can argue, if that is a correct identification, why didn't he bring, why wasn't the JNET photo provided to me...." (N.T. pg. 36).

Appellant's brief at 12 – 13. It appears that the fact that the photograph was not included in the discovery packet led the defense to incorrectly assume the photograph did not exist. Rather than investigate the whereabouts of photograph, Appellant's counsel decided to impeach Detective Cross on the basis of this incorrect assumption. This strategy was thwarted when the Commonwealth introduced the photograph into evidence at trial.

Accordingly, Appellant did not establish that Pa. R. Crim. P. 573 was violated, and we conclude the trial court did not err in denying Appellant's motion for a mistrial on this basis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2014