J-A25016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER BRENGLE | : | |
| | : | |
| Appellant | : | No. 539 EDA 2017 |

Appeal from the Judgment of Sentence January 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009233-2014

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, J.:               **FILED APRIL 22, 2019**

Appellant, Alexander Brengle, appeals from the judgment of sentence following his jury conviction of involuntary deviate sexual intercourse, unlawful contact with a minor, and related charges.  His chief claim challenges the sufficiency of the evidence.  He also challenges a jury instruction.  We affirm.

On September 21, 2016, a jury convicted Appellant of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123(a)(7); unlawful contact with a minor, 18 Pa.C.S.A. § 6318(a)(1); statutory sexual assault, 18 Pa.C.S.A. § 3122.1; and sexual assault, 18 Pa.C.S.A. § 3124.1.[1]  On January 6, 2017, the court sentenced Appellant to a term of not less than five-and-a-half nor

---

[1] The jury also found Appellant not guilty of solicitation of minors to traffic drugs, 18 Pa.C.S.A. § 6319(a).

more than twelve years of incarceration, followed by twelve years of probation. Appellant did not file post-sentence motions. This timely appeal followed.[2]

Appellant's conviction stemmed from a complaint that he had sexual relations on multiple occasions with a minor student, (fourteen at the time), whom he had tutored about four years earlier. The victim also testified that Appellant had furnished him with Klonopin (clonazepam), which the victim both used himself, and sold to other students at his private school.

Appellant presents two questions on appeal, which we reproduce verbatim except for the bracketed insertions and the omission of superfluous capitalization:

> A. [Was the verdict] against the insufficient (sic) as a matter of law where the Commonwealth failed to prove that the Appellant committed IDSI and related charges where there was no evidence to substantiate the complainant's contradictory evidence that the appellant committed the crimes charged[?]
>
> B. [Did the court err] in failing to give a standard lack of prompt complaint charge[?]

Appellant's Brief, at 5.

> We are guided by the following standard of review when presented with a challenge to the sufficiency of the evidence supporting a defendant's conviction:
>
>> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most

---

[2] Appellant filed a Rule 1925(b) statement of errors on June 29, 2017. The trial court filed an opinion on December 22, 2017. *See* Pa.R.A.P. 1925.

favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722–23 (Pa. Super. 2013) (internal quotation marks and citations omitted).

Here, Appellant's generalized boilerplate challenge to sufficiency does not merit relief. Appellant merely posits that the complainant's testimony was not substantiated by additional evidence. *See* Appellant's Brief, at 5. As noted by the trial court, it is well-settled that the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses. *See* Trial Court Opinion, at 6 (citing, *inter alia*, *Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa. Super. 1999).

Moreover, Appellant does not identify what element of any specific crime the Commonwealth failed to prove. Instead, he highlights much of the victim's problematic behavioral history and concludes generally that there was "**no credible evidence** to support the verdicts of IDSI and related charges[.]" Appellant's Brief, at 10 (emphasis added). He correctly concedes that a complainant's testimony does not have to be corroborated, but claims that the victim's testimony was "dated and incredible." *Id.* at 13.

Appellant's credibility claim goes to weight, not sufficiency.

> A sufficiency of the evidence review, however, does not include an assessment of the credibility of the testimony offered by the Commonwealth. Such a claim is more properly characterized as a weight of the evidence challenge. Therefore, we find the Appellant has blurred the concepts of weight and sufficiency of the evidence. Based upon our review, it appears Appellant is raising a weight of the evidence claim. We find this claim is waived for failing to raise it first before the trial court. A challenge to the weight of the evidence must first be raised in the trial court in order for it to be the subject of appellate review.

*Commonwealth v. Wilson*, 825 A.2d 710, 713–14 (Pa. Super. 2003) (citations omitted).

Here, by challenging credibility, Appellant presents a weight claim improperly categorized as an insufficiency claim.[3] Furthermore, the weight claim was not properly raised and preserved with the trial court. *See* Pa.R.Crim.P. 607(A) (requiring that challenge to weight of evidence must be

---

[3] We note that Appellant expressly presents his challenge to the evidence as a weight claim in his brief. *See* Appellant's Brief, at 11.

raised with trial judge); *see also Commonwealth v. Lopez*, 57 A.3d 74, 80 (Pa. Super. 2012) (failure to raise challenge to weight of evidence with trial court results in waiver). Accordingly, Appellant's claim is waived.

It was the province of the jury sitting as fact-finder to resolve all issues of credibility, resolve conflicts in evidence, make reasonable inferences from the evidence, and believe all, none, or some of the evidence presented. *See Bishop*, 742 A.2d at 189. "An appellate court cannot substitute its judgment for that of the jury on issues of credibility." *Lopez*, 57 A.3d at 81 (citations omitted). Appellant's first claim is waived and would not merit relief.

In his second claim, Appellant argues that the trial court gave an improper instruction on the lack of a prompt complaint. *See* Appellant's Brief, at 14-15. Appellant challenges the assumption (conceded at trial) that, as the victim's Latin tutor, he was in a "position of authority over the complainant." *Id.* at 15. With no citation to supporting authority, Appellant posits generally that the victim was under no "threat or duress" and therefore, the jury instruction was "simply inaccurate." *Id.* We disagree.

Our standard of review is well-settled.

> When reviewing a challenge to part of a jury instruction, we must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

* * *

[I] n reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this [C]ourt to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

*Commonwealth v. Baker*, 963 A.2d 495, 507 (Pa. Super. 2008) (citations and internal quotation marks omitted).

Here, on independent review, we conclude that the minor additions to the standard jury instruction delivered by the trial court were an accurate explanation of the law, and only served to apply the general legal principles at issue to the specific facts of the case.  Appellant fails to explain how he was prejudiced.

Further, in evaluating a victim's failure to make a prompt complaint, the jury was entitled to consider the extent to which the accused may have been in a position of authority over the victim. *See Commonwealth v. Ables*, 590 A.2d 334, 340 (Pa. Super. 2008). Here, the court merely instructed the jury to consider "the extent to which [Appellant] may have been in a position of authority [] as tutor[.]" N.T., Trial, 9/20/16, at 109. Under *Ables*, this

instruction was entirely appropriate. Accordingly, Appellant's challenge to the jury instruction has no merit.  Appellant's second claim does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/19