J-S01015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
            v.                   :
                                   :
                                   :
JOSHUA M. CULLEY              :
                                   :
          Appellant         :  No. 1081 MDA 2018

Appeal from the Judgment of Sentence Entered February 6, 2018
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0000311-2017

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI[*], J.

MEMORANDUM BY PANELLA, P.J.:           **FILED JUNE 21, 2019**

Joshua M. Culley appeals from the judgment of sentence entered after a jury found him guilty of rape, sexual assault, and unlawful restraint. Culley contends the evidence at trial was insufficient to sustain the verdicts. He further contends the trial court erred by denying defense counsel the right to refresh the complainant's recollection. We affirm.

The following factual summary is gleaned from the testimony presented by the Commonwealth at trial. The victim met Culley when she started working at Renewal by Anderson in November of 2016. Culley was one of the employees assigned to train her. During a cigarette break on the Friday of her

_____

[*] Retired Senior Judge assigned to the Superior Court.

first week, the victim and Culley exchanged phone numbers and made plans to hang out after work.

The victim and her cousin, S.S., later went to Culley's parent's home. Culley was waiting outside for them when they arrived and led them into his room, which was located in the basement attached to the garage.

Shortly after getting there, Culley went upstairs and brought down a bottle of whiskey. The victim testified that she had about five shots, and both Culley and S.S. had more. Eventually, S.S. became ill and spent the remainder of the night in the bathroom. Thereafter, the victim periodically checked in on her cousin in the bathroom.

Around the third time the victim checked in on S.S., Culley pushed her back onto his bed and climbed on top of her. He took her pants and underwear down and began having vaginal intercourse with her. When the victim told him to stop and yelled for help he hit her in the face. S.S. heard her cousin yelling, but was too incapacitated to help. Culley held her down by holding both of her arms above her head with one hand, and at one point held her throat down with the other hand. The assault lasted around five minutes, at which time Culley went upstairs. The victim collected her things and carried S.S. up the stairs they had come down and drove home.

After leaving work the next day, the victim went to Holy Spirit hospital for a rape kit. She later went home and told her mother what had happened.

On Sunday morning, the victim went to the Silver Spring Township Police Department where she spoke with Detective Andrew Bassler and gave a written statement.

While at the police station, the victim made a consensual (recorded) phone call to Culley, with Detective Bassler and Detective Carrie Webber present. Culley ultimately returned her call after she texted him that she needed to talk. During the phone call, Culley stated, "I don't want this to sound completely horrible, but did you like agree at all at first or did I like rape you."

On November 3, 2017, after a jury trial, Culley was found guilty on one count each of rape, sexual assault, and unlawful restraint. He was sentenced to ninety-two months to one hundred and eighty-four months of incarceration followed by sixty months of probation on the rape charge; a concurrent sixty to one hundred and twenty months of incarceration on the sexual assault charge; and a concurrent six to twelve months of incarceration followed by forty-eight months of probation on the unlawful restraint charge.

Culley filed a post sentence motion, which was denied on June 7, 2018. This timely appeal followed.

In his first issue on appeal, Culley argues the verdict was against the sufficiency of the evidence. We are constrained to conclude that Culley's sufficiency claim is waived, as his Rule 1925(b) statement did not sufficiently identify the error that he intended to challenge on appeal.

It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all").

> If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

*Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted).

In this case, Culley's Rule 1925(b) statement simply declared that the evidence was contradictory and uncorroborated. *See* Appellant's Rule 1925(b) Statement, 7/17/2018, at 1. The statement fails to "specify the element or

- 4 -

elements upon which the evidence was insufficient" to support Culley's convictions. Thus, we must conclude that Culley's sufficiency of the evidence claim is waived on appeal. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257-1258 (Pa. Super. 2008).

Further, although Culley phrased this claim as a challenge to the sufficiency of the evidence, in actuality, we find his claim to be a challenge to the weight of the evidence. Culley's argument focuses almost exclusively on his contention that the victim and S.S. did not testify credibly. ***See*** Appellant's Brief, at 13-15. This is a challenge not to the *sufficiency* of the evidence, but to its *weight*. ***See Commonwealth v. Wilson***, 825 A.2d 710, 713-714 (Pa. Super. 2003) ("A sufficiency of the evidence review, however, does not include an assessment of the credibility of the testimony offered by the Commonwealth.") By making this argument, Culley "has blurred the concepts of weight and sufficiency of the evidence." ***Id***., at 714.

A challenge to the weight of the evidence must, in the first instance, be presented to the trial court. ***See Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. Super. 2009). As Culley did not raise a challenge to the weight of the evidence in the trial court, any such claim is waived for purposes of this appeal. ***See Commonwealth v. Priest***, 18 A.3d 1235, 1239 (Pa. Super. 2011). Thus, Culley's first issue on appeal would merit no relief in any event.

In his second issue on appeal, Culley contends the trial court erred by denying defense counsel the right to refresh the victim's recollection. We find

Culley's contention is completely belied by the record. It is evident from the trial testimony that defense counsel explicitly decided on his own not to refresh the victim's recollection with the recording of her interview with Detective Bassler.

> MR. MATANGOS: Yes, Your Honor. I am going to not ask her to refresh her recollection at this point.
>
> THE COURT: Okay. Do you want me to explain that to the jury?
>
> MR. MATANGOS: Yes. And I reviewed it with my client. It's much longer. It is 50 some minutes of talking and then there is some silence, but there's about 50 minutes of talking before she starts writing the written statement, and that just seems too long for the logic of it so …
>
> THE COURT: All right. Are you ready for the jury then?
>
> MR. MATANGOS: Yes, Your Honor.

N.T., 2/21/2018, at 78. Thus, the trial court clearly did not deny defense counsel the right to use the video.

Culley argues that "[w]hile not explicitly stated, the trial court **and** the Commonwealth's response to defense counsel's request suggested that the recorded interview must be played in its entirety for the jury" and that this alleged error led to defense's reluctance to play the recorded interview. Appellant's Brief, at 17 (emphasis added). However, nowhere in the trial transcript does the trial court indicate it would require playing the entire video for the jury. On the contrary, the trial court specifically excluded the jury from hearing any part of the video and only made reference to the victim being able to watch the entire video. **See** N.T., 2/21/2018, at 76-77.

> THE COURT: Okay. But that's still 35 minutes that we don't have for this jury. I am going to have to take -- do you want to take a break here early for lunch so *she* can listen to this? Because it's not going to be fair to have *her* listen to piecemeal of it, if that is what you want to do? … if he wants to refresh *her* recollection, *she* is going to get a chance to hear it all.

*Id*. In so far as the Commonwealth mentioned the jury viewing the video in full, any comments made by the Commonwealth cannot be imputed to the court. As the trial court properly considered the admissibility of the video and did not make the decision itself to not show the video, we find Culley's second issue without merit.

We find none of Culley's issues merit relief and therefore affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/21/2019