J-S43013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT RITCHWOOD | : | |
| Appellant | : | No. 354 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 2, 2019
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000786-2018

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.: **FILED: MARCH 15, 2021**

Appellant, Robert Ritchwood, appeals *nunc pro tunc* from the judgment of sentence entered July 2, 2019, in the Court of Common Pleas of Armstrong County. We affirm.

The trial court summarized the procedural history of this matter, which stemmed from a domestic altercation at Appellant's residence on October 8, 2018, as follows:[1]

> [Appellant] was convicted of one count of Aggravated Assault,[1] four counts of Endangering Welfare of Children,[2] one count of Resisting Arrest or Other Law Enforcement,[3] and one count of Disorderly Conduct.[4] [Appellant] was sentenced to a period of 60 to 120 months of incarceration ordered to run consecutively. [Appellant] filed a timely Post-Sentence Motion asserting that there was insufficient evidence to convict

---

[1] For a thorough recitation of the underlying facts of this matter, we direct the reader to the opinion authored by the trial court. Trial Court Opinion, 4/23/20, at 2-8.

[Appellant] and that the verdict was against the weight of the evidence as to all counts.[5]

> [1] 18 Pa.C.S.A. [§] 2702(a)(3).
> [2] 18 Pa.C.S.A. [§] 4304(a)(1).
> [3] 18 Pa.C.S.A. [§] 5104.
> [4] 18 Pa.C.S.A. [§] 5503(a)(1).
> [5] [Appellant's] Post-Sentence Motion was denied, see Court Order dated November 4, 2019.

After [Appellant] was sentenced, he filed a series of *pro se* petitions with the [c]ourt, while still appearing to be represented by counsel. To wit, there was no withdrawal of appearance by counsel, and [Appellant's] Post-Sentence motion filed by trial counsel was still pending[2]. [Appellant] filed Motion to Withdraw Endangering Welfare of Children charge, Motion for Modification of Sentence (Illegal Sentence), Motion for a New Trial, a Motion for Ineffective Assistance of Counsel, and a Petition for Reconsideration. [Appellant's] Motion of Ineffective Assistance was treated as a PCRA Petition and was denied without prejudice because at the time of filing[, Appellant] had not perfected his post-sentence rights.[6] The same day counsel was appointed.

> [6] See Court Order dated November 4, 2019.

[Appellant] next filed a Post-Conviction Collateral Relief Motion, *pro se*, on December 13, 2019. During the rule return hearing on [Appellant's] motion, [Appellant's] counsel requested that [Appellant's] appeal rights be reinstated *nunc pro tunc*, as he did not perfect any appeal on the issues he raised. Without objection from the Commonwealth[, Appellant's] appeal rights were reinstated. [Appellant] filed a timely Notice of Appeal with this Court on February 28, 2020[.]

Trial Court Opinion, 4/23/20, at 1-2. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

_____

[2] As previously indicated, the trial court denied Appellant's post-sentence motion in an order dated November 4, 2019.

> I. Should [Appellant's] convictions be reversed as not being supported by sufficient evidence?

Appellant's Brief at 4.

Appellant purports to argue that there was insufficient evidence to support the verdicts in this case. Appellant's Brief at 9-10. However, Appellant alleges, "The testimony of the neighbor and the officer was of one nature, while the testimony of [his wife], the alleged victim, was certainly of a different nature." Appellant's Brief at 9. Specifically, Appellant contends that "[his wife] denied being a victim and stated that she did not wish to press charges." *Id*. Appellant asks us to reassess the jury's credibility determinations as to which testimony is to be believed.

A sufficiency of the evidence review, however, does not include an assessment of the credibility of the testimony. *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa. Super. 2003). Such a claim is more properly characterized as a weight of the evidence challenge. *Id*. A challenge to the weight of the evidence questions which evidence is to be believed. *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006). Indeed, claims challenging the weight of the evidence and sufficiency of the evidence are clearly distinct. *See Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000) (discussing the distinctions between a claim challenging the sufficiency of the evidence and a claim that the verdict is against the weight of the evidence). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be

believed." ***Commonwealth v. Charlton***, 902 A.2d at 561 (quoting

***Commonwealth v. Galindes***, 786 A.2d 1004, 1013 (Pa. Super. 2001)).

Accordingly, we view this issue, as presented, to be a challenge to the weight

of the evidence offered by the Commonwealth, and we will address it as such.[3]

In ***Commonwealth v. Clay***, 64 A.3d 1049 (Pa. 2013), our Supreme

Court set forth the following standards to be employed in addressing

challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is
> against the weight of the evidence is addressed to the discretion
> of the trial court. ***Commonwealth v. Widmer***, 560 Pa. 308, 319,
> 744 A.2d 745, 751-[7]52 (2000); ***Commonwealth v. Brown***,
> 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should
> not be granted because of a mere conflict in the testimony or

---

[3] To the extent Appellant attempts to present a typical challenge to the sufficiency of the evidence, we note that such a claim is waived due to Appellant's failure to specify in his concise statement, filed pursuant to Pa.R.A.P. 1925(b), the specific elements of any crime which he deems were not established beyond a reasonable doubt. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257-1258 (Pa. Super. 2008) (finding waiver of sufficiency of evidence claim where the appellant failed to specify in Pa.R.A.P. 1925(b) statement the elements of particular crime not proven by the Commonwealth). ***See also Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (finding sufficiency claim waived under ***Williams*** for failure to specify which elements of crimes were not proven beyond a reasonable doubt). Indeed, Appellant's Pa.R.A.P. 1925(b) statement set forth the following issue:

> 1. That the evidence was insufficient to support the conviction of
> [Appellant], particularly in light of [Appellant's] wife, a
> Commonwealth witness.

Pa.R.A.P. 1925(b) Statement, 4/8/20, at 1. Likewise, Appellant failed to specify in his appellate brief the elements of the crimes which were allegedly not met. Consequently, Appellant's non-specific claim challenging the sufficiency of the evidence, which fails to specify the elements of the particular crimes allegedly not proven by the Commonwealth, is waived. ***Williams***.

because the judge on the same facts would have arrived at a different conclusion. **Widmer**, 560 A.2d at 319-[3]20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Id**. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Brown*, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a

- 5 -

dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Widmer*, 560 A.2d at 322, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co.*, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

*Clay*, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-880 (Pa. 2008).

The trial court addressed this issue as follows:

[Appellant] asserts that there was insufficient evidence, particularly in light of Mrs. Ritchwood's testimony. Her testimony stands in stark contrast to balance of the evidence provided at trial. Specifically, Officer Bartosiewicz testified that when he arrived on the scene, he heard Mrs. Ritchwood scream "he stabbed me. He stabbed me." Moreover, there was evidence as to the presence of the children in the vicinity of [Appellant] and Mrs. Ritchwood during the attack. Ms. Mascio testified that the children appeared terrified and frightened when they were at her house, and one of them stated that "he has a knife."

While Mrs. Ritchwood's testimony attempts to provide an alternative explanation for the events, the jury was tasked with determining the credibility of the witnesses. At no time prior to the trial did Mrs. Ritchwood offer the explanation for the injuries that she testified to. Her insistence on not being a victim contradicts the testimony provided by the officers that were on the scene. The jurors were instructed to use their common sense judging the evidence and the facts of the case. The [c]ourt is not

- 6 -

inclined to sit as a thirteenth juror and substitute its judgment for that of the jury.

Trial Court Opinion, 4/23/20, at 9-10.

Based upon our complete review of the record, we agree with the trial court. Here, the jury, sitting as the finder of fact, was free to believe all, part, or none of the evidence against Appellant. The jury weighed the evidence and concluded Appellant perpetrated the crimes in question. This determination by the jury is not so contrary to the evidence as to shock one's sense of justice. We decline Appellant's invitation to assume the role of fact-finder and to reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to grant relief on Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/15/2021