J-A07022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSH HUENTEQUEO PACHECO | : | |
| | : | |
| Appellant | : | No. 816 MDA 2023 |

Appeal from the Judgment of Sentence Entered January 3, 2023
In the Court of Common Pleas of Juniata County
Criminal Division at No(s):  CP-34-CR-0000195-2021

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 15, 2024**

Josh Huentequeo Pacheco ("Pacheco") appeals from the judgment of sentence imposed following his convictions for driving under the influence ("DUI") – general impairment, DUI – high rate of alcohol, driving vehicle at a safe speed, and driving on roadways laned for traffic – driving within single lane.[1]  We affirm.

The factual and procedural history of this case is as follows.  In late May 2021, Tyler Rapp ("Rapp") was in bed sleeping when he received a phone call at 10:16 p.m. from Pacheco stating he had run "off the road and hit a truck" in Rapp's mechanic shop parking lot.  **See** N.T., 9/23/22, at 7-8, 12.  Rapp got out of bed, informed his wife about the call, and while Rapp traveled the

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. §§ 3802(a)(1), 3802(b), 3361, and 3309(1), respectively.

approximately five miles to the accident scene, his wife called the police. *See id*. at 7-9. Upon arrival, Rapp saw that four vehicles, including Pacheco's, had been "smashed." *Id*. Rapp told Pacheco the police were on their way and asked Pacheco if he was hurt, to which Pacheco replied that he was not. *See id*. at 9. Pacheco then said to Rapp that "he didn't want to go to jail, and he was sorry." *Id*. at 13. Additionally, Rapp observed Pacheco slurring his speech, repeating himself, and swaying back and forth. *See id*.

Pennsylvania State Police ("PSP") Trooper Zebulan Evans ("Trooper Evans") arrived at 10:59 P.M. *See id*. at 16. While examining the scene and talking to Pacheco, Trooper Evans detected alcohol on Pacheco's breath. *See id*. at 18. Trooper Evans also observed that Pacheco had "slow, slurred, raspy" speech and disheveled clothing. *See id*. Trooper Evans noticed Pacheco also had "glassy, bloodshot eyes, watery eyes." *Id*. Pacheco admitted to Trooper Evans that he was the driver of the vehicle. *See id*. Trooper Evans then administered field sobriety tests ("FSTs") including, *inter alia*, the walk-and-turn test and the one-leg stand test. Trooper Evans concluded, in light of his eight years of PSP training and experience— including "numerous" DUI arrests and FST training—and paired with the signs of impairment Pacheco exhibited, along with Pacheco's performance on the FSTs, that Pacheco was impaired and incapable of operating a vehicle safely. *See id*. at 19-21.

Trooper Evans transported Pacheco to Lewistown Hospital for a blood draw, to which Pacheco consented. *See id*. at 27-29. Phlebotomist Linzee

Renninger drew Pacheco's blood for testing at 11:55 P.M. **See id**. at 30, 43, 70. The hospital sent Pacheco's blood to a lab for testing. Forensic toxicologist Kari Midthun, later qualified at trial as an expert in her field, subsequently testified that the results showed Pacheco's blood alcohol content ("BAC") to be .153. **See id**. at 57.[2] The Commonwealth charged Pacheco with the above offenses.

Following a non-jury trial, during which the trial court heard the evidence as summarized **supra**, the court found Pacheco guilty on all counts. **See id**. at 72. Pacheco received an aggregate sentence of, *inter* alia, forty-eight hours to six months of incarceration, plus fines and costs. **See** Order, 1/3/23. Following several extensions and the subsequent denial of Pacheco's post-sentence motion, **see** Order 5/9/23, Pacheco timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925.

Pacheco raises the following issue for our review:

> Whether the . . . verdict as to count 1 through count 4 is against the sufficiency and weight of the evidence when the Commonwealth was unable to provide evidence that proved Pacheco was substantially impaired to the point he could not drive safely.

Pacheco's Brief at 6.

---

[2] Accounting for the margin of error of .009, Pacheco's blood showed a BAC which "could have been anywhere from a .144 to a .162 . . . ." N.T., 9/23/22, at 58.

In considering a sufficiency of the evidence challenge, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict[-]winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime[s] beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Brumbaugh***, 932 A.2d 108, 109-10 (Pa. Super. 2007) (internal citations and quotations omitted).

Before reaching the merits of Pacheco's sufficiency issue, we must determine whether he has preserved it. An appellant's Rule 1925(b) statement must "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Rule 1925(b) requires an appellant, when challenging the sufficiency of the evidence, to specify for which elements of which offenses the evidence was insufficient; as this Court has explained:

> If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the

- 4 -

element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived.

***Commonwealth v. Arnold***, 284 A.3d 1262, 1279 (Pa. Super. 2022) (internal citation omitted; brackets in original). "Even if the trial court correctly guesses the issues [an a]ppellant[ ] raise[s] on appeal and writes an opinion pursuant to that supposition the issues are still waived." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020) (some brackets in original).

Following our review, we conclude Pacheco has waived his sufficiency issue by failing to set forth in sufficient detail the elements of each offense for which he asserts the evidence was insufficient. ***See*** Rule 1925(b) Statement, 7/26/23, at ¶ 6.1. Pacheco's Rule 1925(b) statement reads, in relevant part, as follows:

> The Commonwealth presented insufficient evidence as to Count 1 — DUI: Controlled Substance — Impaired Ability; Count 2 — DUI High Rate; Count 3 — Driving at Safe Speed; and Count 4 — Disregard Traffic Lane. ***See generally Commonwealth v. Lyons***, 833 A.2d 245, 258 (Pa. Super. 2003) (a claim challenging the sufficiency of the evidence asserts that there is insufficient evidence to support at least one material element of the crime); ***see also Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (as this court well knows, the standard of review is to review the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence").

*See id*. Thus, as Pacheco did not specify the elements of each offense for which the evidence was allegedly insufficient, he has waived his sufficiency challenge. *See Arnold*, 284 A.3d at 1279; *Bonnett*, 239 A.3d. at 1106-07.[3]

Pacheco secondarily argues that his convictions are against the weight of the evidence. Our standard of review for challenges to weight of the evidence is as follows:

> A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. The decision whether to grant a new trial on this basis rests within the discretion of the trial court. A trial court should award a new trial on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative so that right may be given another opportunity to prevail. The role of [this Court] in reviewing the weight of the evidence is very limited. The purpose of that review is to determine whether the trial court abused its discretion and not to substitute the reviewing Court's judgment for that of the trial court. Accordingly, where the evidence is conflicting, the credibility of the witnesses is solely for the jury, and if its finding

---

[3] Pacheco's argument—which is that there was no "proof" of his impairment because the FSTs were not recorded, *see* Pacheco's Brief at 15—is also arguably waived because it is undeveloped. *See* Pa.R.A.P. 2119(a), (b) (requiring a properly developed argument for each question presented including a discussion of and citation to authorities in appellate brief); *see also Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (stating failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue). In any event, even if preserved, Pacheco's issue is meritless. Pacheco has cited no authority for his assertion that field sobriety tests must be recorded. Consequently, because the trial court heard evidence of Pacheco's impairment, his issue merits no relief. *See* N.T., 9/23/22, at 22 (Trooper Evans concluding Pacheco was impaired based on his training and experience, and the signs of impairment Pacheco exhibited); *contra* Pacheco's Brief at 15.

is supported by the record, the trial court's denial of a motion for new trial will not be disturbed.

***Commonwealth v. Holmes***, 663 A.2d 771, 774 (Pa. Super. 1995) (internal citations omitted).

A weight claim is one of the least assailable reasons for ruling whether there should be a new trial. ***See Commonwealth v. Konias***, 136 A.3d 1014, 1022 (Pa. Super. 2016) (citations, quotation marks, and quotations omitted). Additionally, the factfinder is free to believe all, part, or none of the evidence presented. ***See Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011). This Court will not substitute its judgment for that of the factfinder. ***See id***. Any inconsistencies in a victim's testimony are decided by the factfinder's credibility determination. ***See Commonwealth v. Izurieta***, 171 A.3d 803, 809 (Pa. Super. 2017).

Before addressing the merits of Pacheco's weight issue, we must determine whether he has waived it. An undeveloped argument is one which completely lacks any meaningful discussion and which does not apply the appropriate governing standard for review of the issue. ***See Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001). An undeveloped argument "does not satisfy [an a]ppellant's burden of establishing that he is entitled to any relief." ***Id***. As this Court has explained:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. [***See***] Pa.R.A.P. 2119(a), (b), (c).

Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).

This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (some citations omitted). *See also Commonwealth v. Perez*, 93 A.3d 829, 841 (Pa. 2014) (providing that, if an appellant's argument has boilerplate language and is undeveloped, it is considered waived).

Our review discloses that Pacheco's argument is undeveloped. In his brief, Pacheco employs boilerplate statutory language. *See* Pacheco's Brief at 14. His following argument consists simply of an assertion that the trial court erred in denying his weight claim without citing factual or legal support. *See id*. This deficiency impedes our review. Accordingly, Pacheco's weight claim is waived. *See Hardy*, 918 A.2d at 771; *Perez*, 93 A.3d at 841.[4]

In conclusion, Pacheco has waived his sufficiency and weight claims, but, even if preserved, neither of Pacheco's arguments merit relief, and therefore, we affirm his judgment of sentence.

---

[4] Regardless, Pacheco's argument fails on the merits, as we have rejected his argument that Trooper Evans's testimony required supporting video documentation, and because Pacheco did not identify any evidence to show that the verdict is so contrary to the evidence that it shocks the conscience such that the trial court abused its discretion in denying the weight claim in his post-sentence motion. *See Holmes*, 663 A.2d at 774.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/15/2024